McArdle et al. *v.* Board of Zoning Appeals of the City of Fort Wayne

[No. 19,391. Filed June 7, 1960. Rehearing denied September 6, 1960.]

**6**

*Tourkow, Dennis & Danehy, Flanagan & McCain* and *Jack D. Danehy,* all of Fort Wayne, for appellants.

*Jerome J. O'Dowd,* City Attorney, *Giles J. Pierre,* Assistant City Attorney, and *Donald F. Strutz,* all of Fort Wayne, for appellee.

*Shoaff, Keegan & Baird,* of Fort Wayne, for Fort Wayne Bible College, appellee-intervenor.

MYERS, J.—This is an appeal from a judgment of the Allen Circuit Court wherein it decreed that a decision of the Board of Zoning Appeals of the City of Fort Wayne was not illegal, and quashed, vacated and set aside a writ of certiorari previously issued upon petition of appellants.

It appears that on or about October 6, 1958, Fort Wayne Bible College filed its petition with the Board of Zoning Appeals of the City of Fort Wayne for a Contingent Use Permit under the Zoning Ordinance of the City of Fort Wayne to allow the construction of buildings for educational purposes upon real estate owned by the College in the city. Pursuant to the Fort Wayne Zoning Ordinance, such use by a property owner of its property for educational purposes is a contingent use which may be permitted in any zoning area after public hearing and approval by the Board.

On December 16, 1958, after notice and public hearing, the Board of Zoning Appeals granted Fort Wayne Bible College a Contingent Use Permit to construct buildings for educational purposes. This was done over the objection and protest of the appellants herein, who

were property owners and adjoining neighbors of the College.

On December 18, 1958, appellants filed their petition in the Allen Circuit Court for a writ of certiorari to review the action of the Board of Zoning Appeals. Appellants directed that such notice be served on the College, and such notice in fact was so served upon it by the Sheriff of Allen County, Indiana. The College appeared by counsel and filed its demurrer and motion to strike parts of the writ. The petition for writ of certiorari was submitted, argued and briefed. On June 26, 1959, the Allen Circuit Court, having had the matter under advisement, entered a judgment decreeing that the decision of the Board of Zoning Appeals in granting the Contingent Use Permit to the College was not illegal, found against the appellants herein, and quashed, vacated and set aside the writ of certiorari. Appellants filed a motion for a new trial, copies of which were served on counsel for the College, which motion was overruled. Copies of the praecipe for a transcript and the supplement thereto were served on the College through its counsel.

The Fort Wayne Bible College was not named as a party appellee or as a party appellant when the assignment of errors and transcript were duly filed with the Clerk of the Appellate Court. The College has filed its petition to intervene by special appearance for the sole and only purpose of filing a motion to dismiss the appeal, the grounds being that the College is a necessary and indispensable party to these proceedings, and that appellants' failure to name it as a party appellee is fatal to this appeal, since the court is without jurisdiction when the necessary parties are not before it, and that this appeal should be dismissed.

The time for perfecting the appeal has expired, and

thus this court is unable to permit the College to be named as an additional party appellee. Our Supreme Court has held that where the assignment of errors has omitted naming a necessary party appellee, the court does not acquire jurisdiction over the appeal, and may not after the expiration of the time for appeal permit such additional party appellee to be named. *Ex Parte Fennig, Ex Parte Whipple* (1940), 216 Ind. 298, 23 N. E. 2d 678; *Keiser* v. *Howard* (1927), 199 Ind. 137, 155 N. E. 707.

The sole question to be determined therefore is whether or not Fort Wayne Bible College is a necessary and indispensable party to this appeal. The record clearly shows that the College initiated these proceedings with the Board of Zoning Appeals and was the prime party benefited by the decision of the Board and the later judgment of the Allen Circuit Court.

In 58 Am. Jur., Zoning, §253, p. 1073, the following statement appears:

"In an appeal by other property owners from the decision of a board of zoning appeals granting a variance to permit a nonconforming use of premises, the applicant for the variation is a *necessary and indispensable* party." (Our emphasis.)

This statement of the law has been upheld by this court in the recent case of *Kupfer et al.* v. *Board of Zoning Appeals* (1959), 130 Ind. App. 55, 59, 162 N. E. 2d 110, 112. In that case, upon petition of Industrial Salvage, Inc., the Board of Zoning Appeals granted a variance to permit it to construct and operate an industrial salvage yard in an area not zoned for that particular use. The objectors filed their application for a writ of certiorari in the Marion Superior Court, but did not make Industrial Salvage, Inc., a party defendant.

Appellants appealed from a judgment of the court sustaining a motion to dismiss the petition for a writ of certiorari on the ground that the court had no jurisdiction. In affirming the Marion Superior Court, this court held that Industrial Salvage, Inc., should have been made a party defendant to the court action because it was an adverse party. Speaking for the court, Judge Ax stated:

> "Certainly in an action which would affect the grant to variance and thereby necessarily affecting the rights and interests of Industrial Salvage, Inc., it is elementary that Industrial Salvage, Inc., should have been made a party defendant in the court below in order to defend and protect its interests, for in any judicial proceeding affecting rights of a property owner, that property owner should be made a party."

Certainly if Fort Wayne Bible College, being a property owner, was a necessary and indispensable party in the court proceedings below, it most certainly is such in these proceedings on appeal.

Rule 2-6 of the Supreme Court of Indiana requires that in the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellants shall be named as appellees. Failure to comply with this rule is grounds for dismissing the appeal for lack of jurisdiction. *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591; *Otolski* v. *Nowicki's Estate* (1959), 129 Ind. App. 492, 158 N. E. 2d 296.

In their brief opposing the petition to intervene and the motion to dismiss, appellants cite the case of *Weiland, Executrix* v. *Scheuch* (1953), 123 Ind. App. 633, 109 N. E. 2d 618, as authority for the proposition

that the failure to properly name parties in an appeal is no longer jurisdictional since the adoption of Supreme Court Rule 2-6, and infer that we at least should order the College made a party appellee and grant it time within which to file a brief as was done in that case. Recently we have stated that the *Weiland* case was based upon an erroneous interpretation of Rule 2-6 in view of the Supreme Court decision of *Baugher et al.* v. *Hall, Receiver, etc., supra,* and that such procedure is not authorized. *Russell, Administrator, etc.* v. *Moore* (1960), 130 Ind. App. 351, 164 N. E. 2d 670.

Fort Wayne Bible College was an indispensable party to this appeal. Appellants have failed to name it as a party appellee or as a party appellant in their assignment of errors. Therefore this court lacks jurisdiction to hear and determine this appeal.

The petition on the part of Fort Wayne Bible College to intervene for the sole purpose of filing its motion to dismiss is granted, and the motion to dismiss having been thereupon filed, this motion is sustained and this appeal is hereby dismissed.

NOTE.—Reported in 167 N. E. 2d 608.