MOLTON ET AL. *v.* BOARD OF ZONING APPEALS OF CITY OF HAMMOND ET AL.

[No. 19,757.   Filed May 15, 1963.   Rehearing denied June 18, 1963.   Transfer denied January 19, 1965.]

*John F. Beckman, Jr., Owen W. Crumpacker, George V. Burbach, Kenneth D. Reed,* and *Crumpacker, Burbach & Abrahamson,* all of Hammond, for appellants.

*Saul I. Ruman, Sachs, Ruman & Tanasijevich* and *James J. Richards,* City Attorney, all of Hammond, for appellees.

CLEMENTS, J.—This is an appeal from a judgment of the Lake Circuit Court dismissing a petition for writ of certiorari for review of a decision of the Board of Zoning Appeals of the City of Hammond. A variance was granted by the Board of Zoning Appeals and appellants filed their petition for writ of certiorari for review pursuant to §§53-974 and 53-975, Burns' 1962 Cum. Supp.

Appellees,[1] Board of Zoning Appeals, and Julius H. Sachs, appeared specially and filed a motion to dismiss for the reason that jurisdiction had not been acquired as provided by statute. The trial court entered a judgment in favor of appellees dismissing the petition for a writ.

Appellants assign as error (1) The trial court erred in sustaining the motions to dismiss the petition for writ of certiorari and citation filed by appellees Board of Zoning Appeals of Hammond and Julius H. Sachs; and (2) The court erred in dismissing appellants' petition for writ of certiorari and citation.

The record of the Board of Zoning Appeals which was made a part of the evidence in this cause contains the following exhibit:

"BEFORE THE BOARD OF ZONING APPEALS OF THE CITY OF HAMMOND, LAKE COUNTY, INDIANA

"In the matter of the Petition of JULIUS H. SACHS, for a variance in and exception to the zoning regulations and permit for parking lot    No. Z-61-5

"OBJECTIONS AND REMONSTRANCE

"The undersigned, residents in and/or owners of

---

1. Because of our holding on the issue of proper parties, "appellees" refers only to the Board of Zoning Appeals and Julius H. Sachs.

property located in Glendale Addition to the City of Hammond, Lake County, Indiana, object to and remonstrate against . . . .

. . . . . .

"WHEREFORE, the undersigned Remonstrators pray that the Petition, filed by Julius H. Sachs, should in all things be denied."

The record contains other evidence which tends to show that the petition for the variance was for Julius H. Sachs, and not Saul I. Ruman, and the minutes recited that Julius H. Sachs was the applicant for the variance.

One of the grounds for dismissal was that Julius H. Sachs was not made a party to the petition for the writ. A second ground for dismissal urged by the appellees was that members of the Board were not notified by the sheriff as provided by statute.

This appeal is governed by statute. Section 53-974, *supra*, provides for the review of decisions of the board of zoning appeals by certiorari. Such statute provides, *inter alia*, as follows:

"[A]ny person aggrieved by a decision of the board of zoning appeals may present to the circuit or superior court of the county in which the premises affected are located a petition duly verified, setting forth that such decision is illegal in whole or in part, and specifying the grounds of the illegality. . . . "

Section 53-975, *supra*, outlines the procedure to be followed after the writ has been filed, and directs the complaining petitioner to cause a notice to be served by the *sheriff* upon the *adverse* parties as shown by the record in the office of the board of zoning appeals.

These statutes have been subject to interpretation by our Supreme Court and in *Ballman* v. *Duffecy* (1952), 230 Ind. 220, at page 229, 102 N. E. 2d 646, it is stated:

"This being a statutory proceeding, a strict compliance with the terms of the statute is required.

.     .     .     .     .

"However, where the statute provides the remedy of a review, and the procedure to be followed, the procedure must be complied with.

.     .     .     .     .

"A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case. The court has inherent power to order a dismissal of an action of which it has no jurisdiction. *Miedreich* v. *Rank et al.* (1907), 40 Ind. App. 393, 82 N. E. 117."

The record before the Appellate Court shows that Julius H. Sachs, the owner of the variance, was not made an adverse party to this proceeding, and further shows that the members of the Board of Zoning Appeals and Julius H. Sachs were not served with notice by the sheriff of Lake County.

In *Kupfer et al.* v. *Board of Zoning Appeals* (1959), 130 Ind. App. 55, at page 63, 162 N. E. 2d 110, this court said:

"The appellants failed utterly to comply with the requirement for the issuance of a notice to adverse parties. . . . [T]he petitioner in filing his suit in Superior Court must have a notice issued and served by the sheriff of the county upon the adverse party."

In *McArdle* v. *Board of Zoning Appeals, etc.* (1960), 131 Ind. App. 5, at page 8, 167 N. E. 2d 608, this court, quoting from 58 Am. Jur., Zoning, §253, p. 1073, approved the following statement of the law,

" 'In an appeal by other property owners from the decision of a board of zoning appeals granting a variance to permit a nonconforming use of premises, the applicant for the variation is a necessary and indispensable party.' "

It appears that the application for the writ of certiorari failed to name proper adverse parties, and appellants failed to have notices served by the sheriff of Lake County. Upon this showing being made to the Lake Circuit Court, it properly dismissed appellants' petition.

The judgment of the Lake Circuit Court is affirmed.

Cooper, C. J., Carson and Ryan, JJ., concur.

NOTE.—Reported in 190 N. E. 2d 199.