NOBLITT ET AL. *v.* METROPOLITAN PLANNING
COM., ETC. ET AL.

[No. 19,676. Filed June 5, 1963. Rehearing denied August 8, 1963. Transfer denied February 1, 1965.]

*John H. Baldwin,* of Indianapolis, for appellants.

*William .F. LeMond,* of Indianapolis, for appellees, Sun Oil Company, Florence E. Dawson, and Emily S. Maxwell. *William B. Patrick,* of Indianapolis, for ap-

pelle, Metropolitan Board of Zoning Appeals of Marion County.

RYAN, J.—This and *Noblitt et al.* v. *The Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals, et al.* (No. 19680) are companion cases.

This is a second appeal, and arises from the trial court's action in dismissing the cause following our opinion previously rendered. See *Noblitt* v. *Metropolitan Plan Comm., etc.* (1961), 131 Ind. App. 497, 172 N. E. 2d 580.

The original appeal was from a judgment of the Marion Circuit Court which sustained the granting of a variance by the Metropolitan Plan Commission of Marion County, Indiana, and the Board of Zoning Appeals. The appellants had petitioned the Circuit Court for a writ of certiorari pursuant to the statutory authority granted by Burns' §§53-974 and 53-975, 1962 Cumulative Pocket Supplement.

Burns' §53-975, *supra*, specifically states the procedure to be followed on the filing of a petition for a writ of certiorari, and clearly directs the petitioner to cause a *"notice to be issued and served by the sheriff of the county upon the adverse party or parties, if any, as shown by the record of the appeal in the office of the board of zoning appeals."* (Emphasis added.)

Our original opinion in following the cases of *Kupfer et al.* v. *Board of Zoning Appeals* (1959), 130 Ind. App. 55, 162 N. E. 2d 110, and *McArdle* v. *Board of Zoning Appeals, etc.* (1960), 131 Ind. App. 5, 167 N. E. 2d 608, held that the parties who received the grant of a variance are both necessary and indis-

pensable and must be named as party defendants, and since the judgment below had been made by the trial court without the indispensable parties, the judgment was void.

As our Supreme Court stated in *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646, a failure to comply with the statute is jurisdictional and therefore the trial court did not have jurisdiction of the parties or of the particular case. This rule has been recently reiterated by this court in the case of *Molton et al.* v. *Board of Zoning Appeals of the City of Hammond, etc. et al.* (1963), 136 Ind. App. 607, 190 N. E. 2d 199.

The court has the inherent power to dismiss those actions in which it does not have jurisdiction. *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C.* (1956), 235 Ind. 218, 132 N. E. 2d 707; *Cook et al.* v. *Herring et al.* (1959), 130 Ind. App. 72, 162 N. E. 2d 108.

The appellants having failed to comply with the jurisdictional requirements of the statute, the only proper course of action for the trial court was to dismiss the same.

Affirmed.

Carson, P. J., and Clements and Cooper, JJ., concur.

NOTE.—Reported in 190 N. E. 2d 664.