CLIFFORD MINTON ET AL. *v.* STATE OF INDIANA
EX REL. DAVID COHEN ET AL.

[No. 3-574A92. Filed June 29, 1976.]

*Charles A. Ruckman,* Corporation Counsel, *J. Robert Miert-schin, Jr.,* First City Attorney, of Gary, for appellants.

*David Cohen,* of East Chicago, for appellees.

STATON, P.J.—As developers of property zoned for single-family housing, Cohen and Great Horizons Development Corporation applied for three building permit clearances. These clearances were denied by the Gary Plan Commission.[1] The

---

1. Apparently referral of building permit applications to the Gary Plan Commission for a zoning clearance is required by the terms of the zoning ordinance. There is nothing in the record to indicate the extent of the Commission's discretion in deciding to grant or deny the clearance.

Commission's denial of the clearances was appealed to the Board of Zoning Appeals. After a public hearing on the appeal, the Board refused to change the Commission's determination that the clearances be denied. Later, the Developers, Cohen and Great Horizons Development Corporation, petitioned the Lake County Superior Court for a writ of certiorari so that the Board's decision could be reviewed by the court. Notice of the petition was served on the secretary and members of the Board, but no notice was served upon four property owners who had appeared at the public hearing. A writ was issued to the Board which was to be returned before December 12, 1973. When the Board failed to return the writ, the Developers moved for a default judgment which was granted by the Lake Superior Court.

In its appeal to this Court, the Board contends that the Lake Superior Court was without jurisdiction to grant a default judgment which required the issuance of the building permit clearances. In our opinion, we conclude that the Lake Superior Court was without jurisdiction to grant a default judgment. We reverse with instructions to set aside the default judgment.

## I.

### Board's Decision

IC 1971, 18-7-5-82 (Burns Code Ed.) provides that the Board has the power to:

"1. Hear and determine appeals from and review any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to sections 56 through 65 [18-7-5-58—18-7-5-68] of this act."

In *Board of Zoning Appeals* v. *LaDow* (1958), 238 Ind. 673, 679, 153 N.E.2d 599, 602, the Supreme Court held that the denial of an application for a building permit is certainly a " 'decision or determination . . . by an administrative official . . . charged with . . . enforce-

ment' under the zoning act." Thus, even though the Developers did not seek a variance, their appeal from the Plan Commission's determination was proper.

Every decision of the Board of Zoning Appeals is reviewable by certiorari. IC 1971, 18-7-5-87 (Burns Code Ed.). The procedure for obtaining review by certiorari is provided by statute:

"On filing a petition for a writ of certiorari with the clerk of the circuit or superior court of the county in which the premises affected are situated, the petitioner shall cause a notice to be issued and served by the sheriff of the county upon the adverse party or parties, if any, as shown by the record of the appeal in the office of the board of zoning appeals.

"The adverse party or parties shall be any property owner whom the record of the board of zoning appeals shows to have appeared at the hearing before the board in opposition to the petitioner. . . .

"The notice shall state that a petition for a writ of certiorari has been filed in the circuit or superior court of the county, as the case may be, asking for a review of the decision of the board of zoning appeals, designating the premises affected and the date of the decision and the time fixed for the return of the writ of certiorari by the board of zoning appeals. . . ." IC 1971, 18-7-5-88 (Burns Code Ed.).

## II.

### Jurisdiction

In the present case, four property owners appeared at the Board of Zoning Appeals hearing in opposition to the approval of the clearances. However, these property owners were not served with notice of the petition for writ of certiorari. The Indiana Supreme Court has held that strict compliance with the statutory procedure for review by certiorari is required. *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N.E.2d 646. In *Ballman*, the appellants failed to present their petition for certiorari to the court within the thirty-day period. The Court stated:

"The statutory procedure and requirements for the review of a decision of the board of zoning appeals were not complied with, and the court did not acquire jurisdiction of the parties and this particular case. This being a statutory proceeding, a strict compliance with the terms of the statute is required.

\* \* \*

"This court has heretofore said that a court in acquiring jurisdiction must not only have jurisdiction of the parties and the general subject of the controversy respecting real property, but must have jurisdiction of the subject matter of the particular case. . . . *A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case.* The court has inherent power to order a dismissal of an action of which it has no jurisdiction. . . ." 230 Ind. at 228-29, 102 N.E.2d at 649-50 (footnotes and citations omitted) (our emphasis).

In other cases, our courts have held that the applicant for a variance is a necessary and indispensable party in an appeal from the grant of the variance, and that a judgment without service on such adverse party is void. *Molton* v. *Board of Zoning Appeals* (1963), 136 Ind. App. 607, 190 N.E.2d 199; *Noblitt* v. *Metropolitan Plan Comm'n* (1963), 136 Ind. App. 625, 628, 190 N.E.2d 664, 665; *Noblitt* v. *Metropolitan Plan Comm'n* (1961), 131 Ind. App. 497, 503, 172 N.E.2d 580, 583; *McArdle* v. *Board of Zoning Appeals* (1960), 131 Ind. App. 5, 167 N.E.2d 608; *Kupfer* v. *Board of Zoning Appeals* (1959), 130 Ind. App. 55, 162 N.E.2d 110.

We have not found a case holding that the adverse parties described in the statute are necessary and indispensable parties, but we conclude that the intent of the legislature is clear. Service of notice on adverse parties is required by the unambiguous language of the statute providing for review of zoning board decisions by certiorari.

We conclude that the failure of the Developers in the present case to serve the property owners "whom the record of the board of zoning appeals shows to have appeared at the hearing before the board in opposition to the petitioner" was

a failure to serve parties whom the statute makes necessary and indispensable to the proceedings for review. Without these necessary parties, the trial court was without jurisdiction to issue the writ or to enter a judgment by default.[2]

This cause is remanded to the trial court with instructions to set aside its judgment.

Hoffman, J., and Garrard, J., concur.

NOTE.—Reported at 349 N.E.2d 741.

2. Because of our resolution of the issue regarding the trial court's jurisdiction, we need not decide the question of the propriety of the entry of the default judgment upon the Board's failure to return the writ. We express no opinion about the court's ability to default the Board for failure to return the writ.