THE PEOPLE *ex rel.* THE CITY OF PROSPECT HEIGHTS, Plaintiff-Appellant, v. THE VILLAGE OF WHEELING, Defendant-Appellee (George J. Priester *et al.*, Intervenors and Defendants-Appellees).

First District (3rd Division)   No. 85—2317

Opinion filed September 17, 1986.

Altheimer & Gray, of Chicago (Donald J. Kreger, Kenneth C. Shepro, and Sherre Binik Levene, of counsel), for appellant.

David A. Epstein and Gary A. Weintraub, both of Carroll, Sain & Epstein, Ltd., of Chicago, for appellee Village of Wheeling.

George L. Grumley and Herman Smith, both of Arvey, Hodes, Costello & Burman, of Chicago, for other appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, the city of Prospect Heights, filed a complaint in *quo warranto* challenging the annexation of unincorporated territory to defendant, the village of Wheeling. George and Veta Priester, Waukee Realty Company, and Motel Land Corporation, who are the owners of the territory purportedly annexed to Wheeling, obtained leave to intervene as additional defendants. Prospect Heights moved for summary judgment on the ground that not all owners of record of the territory signed the petition for annexation. Wheeling and the intervenors filed cross-motions for summary judgment. The trial court denied Prospect Heights' motion and granted the motions of Wheeling and the intervenors. Prospect Heights appeals.

On May 30, 1980, the village clerk of Wheeling received a petition (the Wheeling petition) requesting that Wheeling annex certain territory pursuant to section 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—8). The petition listed George Priester, Veta Priester, and Waukee Realty Company as sole owners of record of the territory to be annexed. The petition was signed as follows:

"OWNERS
/s/ George J. Priester
/s/ Veta Priester

Attest                    WAUKEE REALTY COMPANY, INC.
/s/ Ester E. Noffke       By: /s/ George J. Priester
Secretary                 President"

On June 20, 1980, homeowners who live near the territory described in the Wheeling petition filed a petition to annex certain territory to Prospect Heights, pursuant to section 7—1—2 of the Illinois Municipal Code. (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—2.) The territory described in the Prospect Heights petition includes almost all of the territory described in the Wheeling petition. On July 7, 1980, Wheeling passed an ordinance purportedly annexing the territory described in the Wheeling petition. It was subsequently discovered that Motel Land was the owner of record of a small portion of the territory described in the Wheeling petition. Waukee Realty owns all of the shares of Motel Land; Esther Noffke is president of Motel Land, and George Priester is its secretary and treasurer.

On January 7, 1981, Prospect Heights filed its petition for leave

to file a complaint in *quo warranto* on the ground that the Wheeling petition was void because it did not contain the signature of Motel Land. Wheeling and intervenors filed answers and motions for summary judgment supported by documents including the "Joint and Several Affidavit of George J. Priester and Esther E. Noffke." In their affidavit, they state that "Each of the *** officers of Motel Land Corporation, intended as of May 30, 1980, the date said petition was filed, that all of the territory embraced within the metes and bounds description of said petition, be annexed to the Village of Wheeling, including any portion of said territory then being of record in the name of Motel Land Corporation ***."

Prospect Heights argues on appeal that the signatures of George Priester and Esther Noffke on the Wheeling petition cannot be construed as the signature of Motel Land. The Wheeling petition was purportedly filed pursuant to section 7—1—8 of the Illinois Municipal Code, which provides for expedited annexations, without any proceedings in court, as long as the petition is "signed by the owners of record of all land within [the territory to be annexed], and by at least 51% of the electors residing therein ***." (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—8.) If the petition is not signed by all owners of record of land in the territory, the annexation must proceed under the provisions of section 7—1—2 of the Illinois Municipal Code, which involves greater legal protections, including hearings in court. Ill. Rev. Stat. 1979, ch. 24, par. 7—1—2.

■ Both the president and the secretary of Motel Land signed the Wheeling petition; however, neither indicated that they were acting on behalf of the corporation. The signature of a corporate officer may be effective as the signature of the corporation, even if the officer fails to indicate his corporate affiliation. (*M&J Diesel Locomotive Filter Corp. v. Nettleton* (1965), 56 Ill. App. 2d 146, 151, 205 N.E.2d 659.)

> "The general rule is that a contract by a corporate officer or agent need not be made and signed in the name of the corporation to render the corporation liable thereon, if it was the intention of the parties to bind the corporation. [Citing Restatement of Agency, sec. 149, and other sources.] *** In determining whether it is the intention of the parties to bind the corporate principal or to bind the purported agent individually, all of the facts and circumstances surrounding the making of the contract are properly considered by the court." *Freeport Journal-Standard Publishing Co. v. Frederic W. Ziv Co.* (1952), 345 Ill. App. 337, 346-47, 103 N.E.2d 153.

■ *Freeport Journal* and *M&J Diesel* both involved incorrect names of corporate principals, whereas in the instant case, the corporate name was entirely omitted. However, the Restatement of Agency, upon which the courts deciding these cases relied, provides essentially the same principles for determining the liability of an undisclosed principal as for a partially disclosed principal. It states:

> "An undisclosed principal is bound by contracts and conveyances made on his account by an agent acting within his authority, except that the principal is not bound *** upon a contract which excludes him.
>
> ***
>
> An undisclosed principal may be liable upon a simple contract in writing, although it purports to be the contract of the agent." (Restatement (Second) of Agency secs. 186, 190 (1958).)

We believe that these statements of the law are applicable to unnamed corporations whose officers sign annexation petitions as well as contracts.

The trial court appropriately considered evidence, including the affidavit of Priester and Noffke, to determine the intentions of Motel Land. (*Freeport Journal-Star Publishing Co. v. Frederic W. Ziv Co.* (1952), 345 Ill. App. 337, 103 N.E.2d 153; see also *People ex rel. Lange v. Old Portage Park District* (1934), 356 Ill. 340, 345, 190 N.E.2d 664.) We hold that under the circumstances presented in this case, Priester's signature was effective as the signature of Motel Land. Therefore, the trial court properly held that the petition met the requirements of section 7—1—8 of the Illinois Municipal Code. We affirm its decision to grant Wheeling's and intervenors' motions for summary judgment.

Affirmed.

RIZZI, P.J., and McNAMARA, J., concur.