Lonnie **MISHLER**, et al. Appellants (Plaintiffs Below),

v.

The **COUNTY OF ELKHART**, et al. Appellees (Defendants Below).

No. 50A03–8706–CV–164.

Court of Appeals of Indiana, Third District.

April 11, 1988.

On Rehearing June 16, 1988.

David T. Stutsman, Lawrence J. Clifford, South Bend, for appellants.

Richard W. Paulen, Brian J. Clark, Church, Nilsson & Paulen, Elkhart, for appellees.

STATON, Judge.

Lonnie Mishler and other landowners (collectively referred to as Landowners) appeal from a summary judgment denying them a collateral attack on a judgment ordering the Elkhart Board of County Commissioners (Commissioners) to rezone property owned by Dallas Woodward, Jr. This appeal raises four issues which we have consolidated and restated as:

1) Whether the trial court erroneously entered summary judgment prohibiting Landowners' collateral attack on the LaGrange Circuit Court's declaratory judgment and injunction.

2) Whether the trial court abused its discretion in denying Landowners' Motion to File Amended Complaint.

Reversed and remanded.

Woodward owns property that was zoned for residential purposes. Landowners own property contiguous to Woodward's property, or within 300 feet of Woodward's property, or so near that their property will be adversely affected if Woodward's property is rezoned for commercial purposes. In 1976 and 1977, Woodward applied to the Commissioners for rezoning for commercial purposes. The Elkhart County Plan Commission recommended rezoning but the Commissioners rejected Woodward's application. In 1978, Woodward filed a complaint for declaratory judgment, damages, and all other proper relief, alleging an unconstitutional taking of his property by the Commissioners.

Relevant portions of the LaGrange Circuit Court's Findings of Fact and Conclusions of Law are as follows:

4. That hearings were held on said applications on the 13th day of May, 1976, the 9th day of September, 1976, the 11th day of November, 1976, the 10th day of February, 1977, the 14th day of April, 1977, the 12th day of May, 1977, the 6th day of June, 1977, the 14th day of July, 1977, and the 8th day of September, 1977.

5. That all appropriate notices were given for each of the said meetings pursuant to the laws and statutes of the State of Indiana.

6. That at said meetings, the Plaintiff [Woodward] presented numerous items of evidence relative to the pending applications. Further, a large group of citizens of Elkhart County [Landowners, among others] presented numerous remonstrances as well as testimony, all of which is represented in the Minutes of the meetings and the tape recordings thereof, H. I.

\*   \*   \*   \*   \*   \*

11. That the Plaintiff submitted substantial evidence regarding the commercial and industrial use of the surrounding real estate as well as real estate in the immediate area of the Plaintiff's real estate. Said evidence was consistent with the view by judge herein.

12. That the remonstrators submitted oral testimony from resident property owners regarding residential uses in the area as well as their feelings of the adverse impact of the proposed rezoning and development on the subject real estate.

13. That all of the evidence presented by the Plaintiff, Mr. Woodward, demonstrated conclusively that the highest and best use for said property is a commercial zoning similar to that proposed by the ordinance submitted by the Elkhart County Planning Staff to the Elkhart County Commissioners.

\*   \*   \*   \*   \*   \*

23. That there was no appropriate evidence upon which the Defendant Elkhart County Commissioners could base their decision to reject the proposed amendment to the Elkhart County Zoning Ordinance.

24. That in recommending for denial the ordinance which had been recommended to them for approval by the Elkhart County Planning Commission, the Elkhart County Commissioners disregarded all of the applicable laws governing changes in the zoning ordinance and specifically violated Indiana Code 18–7–5–60 which requires that in rezoning the Elkhart County Commissioners shall consider existing conditions, character of the buildings in each district, the most desirable use for which the land in each district may be adapted and the conservation of property values.

25. That the Elkhart County Commissioners' decision was based on a poll of sentiment of the neighborhood and not on the evidence presented.

And as Conclusions of Law upon the Facts, the Court states:

1. That the law is with the Plaintiff and against the Defendants.

2. That this Court has subject matter jurisdiction to consider the allegation that the acts of the Elkhart County Commissioners constituted an unlawful taking of property in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 21 and 23, of the Indiana Constitution.

3. That the Plaintiff had exhausted all administrative remedies available to him.

4. That the Defendant, Elkhart County Commissioners, decision recommending the denial of the ordinance proposed to them by the Elkhart County Planning Commission resulted in a taking of the Plaintiff's real estate without compensation, thereby violating the Plaintiff's rights in violation of Sections 21 and 23 of Article I of the Constitution of the State of Indiana and the Fifth and Fourteenth Amendments of the United States Constitution.

5. That the action of the Elkhart County Commissioners prevented the Plaintiff from exercising any reasonable use of his real estate and that said action should be reversed.

(Record 84–88.)

The Court then entered the following order:

The Court having examined Motions for Summary Judgment, the record and

pleadings in this matter, now finds for the Plaintiff and against the Defendants, and orders the Elkhart County Commissioners to take action consistent with this Order and to grant the rezoning and approval of the Planned Unit Development as recommended by the Elkhart County Planning Commission and the proposed form of ordinance heretofore submitted to said County Commissioners.

The Court now orders said Commissioners to take action not inconsistent with this Order and to grant said rezoning subject to the same terms and conditions and any applicable administrative requirements now being used by said Commission on rezonings in Elkhart County.

(Record 90.)

On February 13, 1984, Landowners filed a motion to intervene on the grounds that they were persons claiming an interest in the litigation and were required to be named as parties in any action for declaratory judgment relief, pursuant to IC 34–4–10–11. The motion to intervene was denied and Landowners did not appeal that order.

On October 25, 1984, Landowners filed a complaint for declaratory judgment and injunction seeking to set aside the LaGrange Circuit Court judgment (LaGrange judgment). Woodward filed a motion to dismiss Landowners' complaint as an impermissible collateral attack. After considering the pleadings, Woodward's affidavit, and the record of the proceedings in the LaGrange Circuit Court, the trial court granted Woodward's motion to dismiss. Because the court had considered matters outside the pleadings, the court amended its order on January 20, 1987, to one for summary judgment in favor of Woodward.

## I.

### Collateral Attack

Landowners first raise the issue whether the trial court erroneously entered summary judgment prohibiting their collateral attack on the LaGrange judgment. In reviewing a grant of summary judgment, we will apply the same standard as that applied by the trial court. *Integrity Insurance Co. v. Lindsey* (1983), Ind.App., 444 N.E.2d 345, 347, *trans. denied.* Summary judgment is appropriate if no genuine issue

of material fact exists and the moving party is entitled to judgment as a matter of law. *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, 1143, *trans. denied.*

Although generally a judgment may not be collaterally attacked, where the judgment is void for lack of jurisdiction a collateral attack is permissible. *Bolerjack v. Forsythe* (1984), Ind.App., 461 N.E.2d 1126, 1133. Landowners argue that the LaGrange Circuit Court lacked subject matter jurisdiction because they were necessary parties to the action but were not made a party or given notice of the proceedings. Landowners rely on cases holding that failure to serve notice on property owners who remonstrated at hearings deprives the trial court of jurisdiction to review Board decisions. *Favourite v. Board of Zoning Appeals* (1987), Ind.App., 515 N.E.2d 560; *Minton v. State ex rel. Cohen* (1976), 169 Ind.App. 584, 349 N.E.2d 741.

Both of these cases involved a petition for writ of certiorari for review of Board of Zoning Appeals decisions pursuant to IC 36–7–4–1003 *et seq.* IC 36–7–4–1005(a) requires that notice be served on adverse parties, defined as any property owner who the record of the Board of Zoning Appeals shows had appeared at the hearing before the board in opposition to the petitioner.

*Favourite* and *Minton,* however, are inapposite to the case before us. Here, the decision of the Commissioners was not being reviewed pursuant to a statutory right. Woodward went directly to the courts to challenge the decision on constitutional grounds. Thus, IC 36–7–4–1005(a) is inapplicable. Further, while the declaratory judgment act requires that all persons claiming an interest shall be made parties to the action,[1] case law has construed "shall" to mean "may", and the fact that such person is not made a party does not deprive the court of jurisdiction. *State v. Brennan* (1952), 231 Ind. 492, 109 N.E.2d 409.

> We do not think the jurisdiction of the trial court of the subject-matter of the action can possibly depend upon whether everyone who may have or claim an interest which would be affected by the declaration are made parties to the action. The word "shall" as used in the

first sentence of the compound sentence with which Sec. 3–1111, Burns' 1946 Replacement [now IC 34–4–10–11] begins should be construed to mean "may". This construction is required because the Declaratory Judgments Statute is remedial in nature as is provided by Sec. 3–1112, Burns' 1946 Replacement [now IC 34–4–10–12] as follows:

> "This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered." *Brindley v. Meara*, 1935, 209 Ind. 144, 149, 198 N.E. 301, 101 A.L.R. 682.

We are further convinced that this is the construction intended by the legislature because of the second division of the compound sentence as follows: "and no declaration shall prejudice the rights of persons not parties to the proceeding." By this provision the legislature indicated that there might arise cases in which all proper parties might not be made parties to the proceeding. It seems certain that it did not intend that this defect should in any way affect the jurisdiction of the court to proceed to hear and determine the action. We, therefore, hold that this defect, if such it is, did not divest or affect the jurisdiction of the trial court of the subject-matter of the action.

*Id.* 109 N.E.2d at 412.

We must also keep in mind that the Landowners have already had an opportunity to argue that they were necessary parties. That argument was the basis for their motion to intervene in the LaGrange Circuit Court. Having chosen not to appeal the court's denial of their motion to intervene, nonjoinder cannot give rise to a collateral attack. *See* Harvey, *Indiana Practice–Rules of Procedure Annotated*, Volume 2, p. 228.

■ Landowners also argue that the LaGrange Circuit Court did not have jurisdiction to render the particular judgment ordering the Commissioners to rezone Woodward's property. This argument rests on the separation of powers doctrine of Article III, § 1 of the Indiana Constitution, which provides: "[t]he powers of the government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judi-

cial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Landowners rely on *Bolerjack, supra*, for the proposition that because zoning is a legislative function of the Commissioners and because a "court is not a legislative or executive agency [the court] has no authority to usurp or exercise the functions delegated to such agencies." *Id.* at 1129–1130. In *Bolerjack* we found that the trial court had exceeded its authority in ordering the St. Joseph County Board of Commissioners to reinstate a police officer. The correct procedure was to remand to the Board for further proceedings consistent with the trial court's decision. *Id.* at 1133.

Woodward on the other hand, relies on *City of Anderson v. Associated Furniture, Inc.* (1981), Ind., 423 N.E.2d 293, as a case directly on point, where the Indiana Supreme Court rejected the separation of powers argument and concluded that the trial court did have jurisdiction. A close reading of *City of Anderson*, however, reveals that it is not directly on point.

In *City of Anderson*, the argument made was that the separation of powers doctrine deprived the court of jurisdiction to review the Common Council's zoning decision because the council was acting in a legislative capacity. The court rejected this argument because the Council's decision was challenged as being unconstitutional.

In the present case, the LaGrange Circuit Court undeniably had jurisdiction to review the constitutionality of the Commissioners' decision. Landowners argue, though, that the court exceeded the scope of its review power by ordering the Commissioners to rezone Woodward's property rather than remanding the case to the Commissioners.

In *Bolerjack*, Judge Garrard thoroughly analyzed the applicable scope of judicial review and concluded that

> the court is limited to either affirming or setting aside the determination of the agency, in which latter event it may remand the cause for further proceedings.

*Id.* at 1131.

Consistent with the rationale in *Bolerjack*, we conclude that the LaGrange Circuit Court exceeded its authority by order-

ing the Commissioners to rezone Woodward's property. Thus, the LaGrange judgment is void for lack of jurisdiction to render the particular judgment and may be collaterally attacked. *Id.* at 1133. We reverse the trial court's order granting summary judgment in favor of Woodward.

## II.

### *Amended Complaint*

■ Landowners next raise the issue whether the trial court abused its discretion in denying their Motion to File Amended Complaint. Although Landowners argue that the trial court abused its discretion in not granting their motion to file amended complaint pursuant to T.R. 15(A), which allows amendment by leave of court when justice so requires, the record reveals that Landowners attempted to have their complaint amended as a matter of right. Consequently, we will review this issue to determine whether they should have been permitted to file an amended complaint as a matter of right. On December 1, 1986, the trial court granted Woodward's motion to dismiss. On December 15, 1986, Landowners filed their motion to file amended complaint as a matter of right pursuant to T.R. 12(B)(8) and T.R. 15(A). On January 20, 1987, the trial court amended its December 1 order to reflect that it was actually a summary judgment and denied the motion to file amended complaint.

T.R. 12(B)(8) provides that a complaint may be amended once as a matter of right within 10 days of an order dismissing a complaint. However, when the trial court considers matters outside the pleadings on a motion to dismiss, the motion to dismiss is treated as a summary judgment. T.R. 12(B)(8). Thus, even though the December 1 order was not amended until January 20, by operation of law it was a summary judgment when it was entered on December 1. Consequently, Landowners were not entitled to file an amended complaint as a matter of right. However, because we reverse the summary judgment, Landowners may file a motion for leave to file amended complaint pursuant to T.R. 15(A).

Reversed and remanded.

BUCHANAN, J., concurs.

GARRARD, P.J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

I concur with the majority but believe a word of amplification may be helpful to the reader concerning our application of *Bolerjack v. Forsythe* (1984), Ind.App., 461 N.E.2d 1126 and question of collateral attack.

While the majority is correct in its application of the rule to the facts before us, its statement that "where the judgment is void for lack of jurisdiction a collateral attack is permissible," begs the question in the broader context. Some judgments entered without jurisdiction are void and may be collaterally attacked. Others are merely voidable and must be directly attacked.

We often distinguish between the two where subject matter jurisdiction is involved by distinguishing between a general want of jurisdiction and what we have persisted in referring to as jurisdiction of the particular case. In the latter instance, most of the decisions consider the judgment merely voidable.

Our decisions have, also, characterized the distinction vis-a-vis collateral attack from another perspective. Thus, it has been said that it is where the lack of jurisdiction is apparent on the face of the record that the judgment may be collaterally attacked. *Cooper v. Morris* (1936), 210 Ind. 162, 200 N.E. 222; *Brindle v. Anglin* (1973), 156 Ind.App. 219, 295 N.E.2d 860.

The jurisdictional defect in *Bolerjack* consisted of the court's lack of authority to render the particular relief granted. That same defect is present here, and such defects are apparent on the face of the record. They render the judgment or that defective portion of the judgment void.

## OPINION ON PETITION FOR REHEARING

In a published opinion rendered April 11, 1988, we reversed the trial court's summary judgment denying Mishler and other landowners a collateral attack on a LaGrange Circuit Court judgment ordering the Elkhart Board of County Commissioners to rezone property owned by Dallas Woodward, Jr. Our Decision was based on the determination that the LaGrange Court order was void for lack of jurisdiction to render the particular relief.

Woodward petitions for rehearing on the ground we erroneously held that Article 3

§ 1 of the Indiana Constitution applies to county government.[1] We deny Woodward's petition with opinion in order to clear up any misunderstandings as to the basis of our decision.

In our opinion, we noted that Mishler argued that the separation of powers doctrine precluded the trial court from ordering rezoning of the property. We did not, however, base our decision on this argument. We relied on *Bolerjack v. Forsythe* (1984), Ind.App., 461 N.E.2d 1126, which analyzed the Administrative Adjudication Act (AAA) and common law doctrines of judicial review of an agency claim.

Noting that the AAA does not apply to county agencies, we determined that "issues concerning the permissible scope of judicial review are governed by principles common to both the AAA and general principles of administrative law, regardless of whether the agency is local or state-wide." *Id.* at 1129. Furthermore, it is a well recognized principle "that the court may not substitute its judgment for that of the administrative commission and particularly make an affirmative order." *Id.* at 1131, *quoting Public Service Commission v. Chicago, Indianapolis and Louisville Railway Co.* (1956), 235 Ind. 394, 132 N.E.2d 698, 700–701. Thus, we concluded in *Bolerjack,* and in the present case, that the trial court is limited to either affirming or setting aside the determination of the agency. If the agency determination is set aside, the trial court may remand the cause for further proceedings. *Supra,* at 1131. Consequently, the LaGrange Circuit Court was without jurisdiction to order the Elkhart Commissioners to rezone Woodward's property.

---

1. Woodward petitions for rehearing on two other grounds which we also reject. *City of Anderson v. Associated Furniture, Inc.* (1981), Ind., 423 N.E.2d 293, is not on point because the Supreme Court did not address the issue raised here. Further, the LaGrange Court judgment is void in its entirety because the extent of the judgment is to order the Commissioners to rezone Woodward's property.