The ALLEN COUNTY, INDIANA BOARD OF ZONING APPEALS, Marcus Brewer, Appellants (Respondents Below),

v.

Marsha L. GUIFF, Gerald L. Guiff, and Various Other Property Owners in Section 7, Township 32 N., Range 11 East Allen County, Indiana (Eel River Township) Appellees (Petitioners Below).

No. 02A03–8909–CV–388.

Court of Appeals of Indiana, Third District.

April 11, 1990.

George Martin, Fort Wayne, for Marcus Brewer.

James A. Federoff, Fort Wayne, for Allen County Indiana Bd. of Zoning Appeals.

Daniel J. Borgmann, Helmke, Beams, Boyer & Wagner, Fort Wayne, for appellees.

STATON, Judge.

Marcus Brewer filed a petition with the Allen County Board of Zoning Appeals to establish a contingent use—a private airport. After the petition was granted, Marsha L. Guiff and Gerald L. Guiff petitioned the Allen Circuit Court for a judicial review of the Board's decision to grant Brewer's petition. Later, the Allen Circuit Court granted the Guiffs' motion for summary judgment.

Brewer and the Board are bringing this appeal which presents the following issue:

Whether the trial court erred in determining that Guiff had met the jurisdictional prerequisites mandatory to obtaining judicial review of a decision of a board of zoning appeals?

**1.** Appellants are hereinafter collectively referred

We reverse.

On January 8, 1988, Guiff filed a petition for writ of certiorari in the Allen Circuit Court seeking judicial review of the Board's decision regarding Contingent Use 164. Notice of the petition was served on Brewer, the Chairman of the Allen County Board of Zoning Appeals, and the Lincoln National Bank and Trust Company (record title holder of interest in the subject real estate at that time). In addition, George Martin, attorney of record for Brewer, received by mail a courtesy copy of the petition for writ of certiorari served directly on Brewer. Notice was not served on two parties who appeared at the public hearing and who spoke in favor of granting Contingent Use 164, namely Edward Nix and William Poorman.

On February 23, 1988, the Board filed a motion to dismiss and motion for summary judgment alleging that Guiff committed fatal jurisdictional mistakes in failing to serve notice on two adverse parties and failing to serve notice on Brewer's attorney of record. Three days later, Brewer filed a motion to dismiss for want of jurisdiction based on the same allegations. An evidentiary hearing was held with respect to these motions; all were denied.

Thereafter, Guiff filed a proposed Writ of Certiorari, a proposed order for writ of certiorari and a motion for summary judgment. Brewer countered with a motion for summary judgment based upon the same jurisdictional flaws alleged in his motion to dismiss. After denying Brewer's motion for summary judgment and Guiff's proposed writ of certiorari and proposed order for writ of certiorari, the trial court entered summary judgment in favor of Guiff. In entering summary judgment, the trial court reversed the Board's decision to grant Contingent Use 164 and remanded the matter to the Board for further consideration.

The Board[1] first contends that the trial court erred in determining that it had jurisdiction to entertain the instant cause of action. The Board cites numerous

to as "Board."

instances of error allegedly committed by Guiff, all of which focus on the mandatory jurisdictional requirements of West's AIC 36–7–4–1005(a). Because we conclude that the Board has waived one of these specifications of error,[2] and because several specifications of error are premised on mistaken omissions in the transcript which have been rectified,[3] we limit our discussion to the questions raised concerning Guiff's alleged failure to properly serve notice on Poorman, Nix and Martin.

■ IC 36–7–4–1005(a) reads, in salient portion:

On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the appeal in the office of the board of zoning appeals. An adverse party is any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner ... Notice to the other persons named is not required. The notice must state:

(1) that a petition for a writ of certiorari, asking for a review of the decision of the board of zoning appeals, has been filed in the court;

(2) the premises affected; and

(3) the date of the decision.

The service of the writ of certiorari by the sheriff on the chairman or secretary of the board of zoning appeals constitutes notice to the board, to the municipality or county, and to any municipal or county official or board charged with the enforcement of the zoning ordinance. No further summons or notice regarding the filing of the petition is necessary. Strict compliance with this statutory procedure is required to obtain review by certiorari of a decision of a board of zoning appeals. *Minton v. State* (1976), 169 Ind. App. 584, 349 N.E.2d 741, 743. A failure to comply with the statute is jurisdictional and requires dismissal of the action. *Ballman v. Duffecy, supra.*

The Board first contends that Guiff's failure to serve notice on Poorman constituted a violation of that portion of IC 36–7–4–1005(a) which requires service of notice on each adverse party. Guiff concedes that Poorman spoke at the public hearing in favor of granting Contingent Use 164. Guiff also concedes that he failed to serve notice on Poorman. However, Guiff contends that he nonetheless served proper notice on each party who was a "property owner who the record of the Board of Zoning Appeals shows had appeared at the hearing in opposition to the petitioner."

2. In addition to the issues we address, the Board contends the trial court lacked jurisdiction due to Guiff's failure to prepare notice in the manner required under IC 36–7–4–1005(a). The Board correctly contends that meeting this requirement is jurisdictional and mandatory. *See State v. Marion Superior Court Room I* (1965), 247 Ind. 82, 211 N.E.2d 613. However, we agree with Guiff's counter-assertion that the Board has waived this specification of error for failure to raise it before the trial court. While jurisdiction over the general subject matter of the controversy may be raised for the first time on appeal, jurisdiction over the parties and jurisdiction over the particular case may be waived for failure to make specific and timely objections. *Wildwood Park Community Association v. Fort Wayne City Plan Commission* (1979), 182 Ind.App. 578, 396 N.E.2d 678, *trans. denied; State v. Omega Painting, Inc.* (1984), Ind.App., 463 N.E.2d 287. The instant specification of error falls within these latter categories. *See Ballman v. Duffecy* (1952) 230 Ind. 220, 102 N.E.2d 646. As the Board's specifications of error before the trial court focused solely on

failure to serve notice on the appropriate parties, we conclude these new grounds may not be raised on appeal. *See* generally *In re Sutherland's Estate* (1965), 246 Ind. 234, 204 N.E.2d 520 (failure to raise question in trial court of whether trial court lacked jurisdiction to determine heirship because of failure to give notice to all unknown heirs resulted in waiver on appeal).

3. The Board apparently argues that Guiff failed to present his petition for writ of certiorari to the trial court within 30 days of the Board's decision as required by statute. This is a misrepresentation of the record; Guiff filed his petition on January 8, 1988, within the 30 day requirement. The Board also contends that Guiff failed to file his notice of order to show cause and order to show cause. However, it was ascertained that these filings were mistakenly omitted from the record of proceedings as originally prepared by the trial court. The filings were transmitted to this court by answer to writ of certiorari. Thus, the alleged errors are nullities.

Guiff argues that the record kept by the Board regarding Contingent Use 164 did not contain Poorman's correct name or address, thus making it impossible for him to meet the notice requirements of IC 36–7–4–1005(a). Guiff urges that, if the record of the Board does not contain the correct name or address of an adverse party, the petitioner for writ of certiorari should not suffer the consequence of dismissal for want of jurisdiction. We agree that there is certain basic information which must be made available to a petitioner for writ of certiorari through a board of zoning appeals for the purpose of meeting the jurisdictional requirements of IC 36–7–4–1005(a). However, we also consider that the petitioner for writ of certiorari must take certain actions to insure that his petition for writ of certiorari is brought within the confines of the jurisdictional statutes to the best of his abilities.

Our legislature has made it clear that the adverse parties described in IC 36–7–4–1005(a) are necessary and indispensable to proceedings for judicial review of zoning board decisions. *See Minton, supra; Favourite v. County of Steuben Board of Zoning Appeals* (1987), Ind.App., 515 N.E.2d 560, *trans. denied.* It has also long since been established that strict compliance with IC 36–7–4–1005(a) is required for a party to avail himself of the benefits conferred by the statutes governing review of zoning board decisions. *See Ballman v. Duffecy, supra; State v. Marion Superior Court, Room I, supra.*

 We do consider that circumstances may arise which make it impossible to meet the "notice to adverse parties" requirement of IC 36–7–4–1005(a). However, we also consider that it is the burden of the petitioner to prove that such is the case where a board of zoning appeals has established that its records show the existence of an adverse party who was not served with notice of the petition for writ of certiorari.[4]

 The question is: how far must a petitioner for writ of certiorari go to ensure that all adverse parties are identified and served with notice? Certainly, where a petitioner is apprised by a portion of a board of zoning appeals' record that an uncertainty exists regarding the identity or address of a person who otherwise qualifies as an adverse party, a reasonable attempt must be made to identify and locate that person. A petitioner for writ of certiorari cannot simply ignore the existence of an adverse party in light of that party's interest in the outcome of such proceedings.

We conclude that, after a board of zoning appeals has met its burden of proving that a person meeting the definition of an adverse party was not served with notice of a petition for writ of certiorari, the petitioner must show by affidavit that he made a reasonable inquiry into the identity and location of that party. He must also show that said inquiry failed to produce the information necessary for him to meet the notice requirements of IC 36–7–4–1005(a). Of course, what constitutes a "reasonable inquiry" varies on a case-by-case basis. However, an examination of the record itself, which includes listening to any audio recordings if necessary, is required. If this examination fails to clarify the existence or identity of questioned parties, then the petitioner for writ of certiorari must request clarification from the clerk charged with maintaining the board of zoning appeals' records. If a question remains regarding the identity or locale of a person who spoke against the petitioner at the public hearing, then he must request the assistance of the opposing party or his attorney. If the opposing party or his attorney cannot produce the name and address of the adverse party in question within the necessary time frame for that party to be served with notice, then the petitioner for writ of certiorari has met his burden of serving notice on "any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner." If the opposing party possesses information regarding the identity or whereabouts of an adverse

4. This may be done either by affidavit or by producing the Board's records.

party but refuses to tender the information to the petitioner, then the opposing party waives his right to seek dismissal for failure to serve the adverse party.

The operative facts of this case show that, with its motion to dismiss and motion for summary judgment, the Board presented affidavits from William Poorman and Linda (Myers) Jones, Clerk of the Allen County Board of Zoning Appeals. The affidavits established that Poorman is a property owner in Allen County whom the Board's records show to have spoken in favor of Brewer at the hearing on Contingent Use 164. The record also shows that prior to filing his petition for writ of certiorari, Guiff requested the Board's file on Contingent Use 164. Within that file was a list of names of those who spoke at the public hearing compiled from the audio recording of the proceeding. The name of the fifth person on this list was given as "Bill Foreman (possible Kohrman, unclear on tape) No address given at hearing." (Record at 145.) Guiff contends that this list, upon which he allegedly relied for service of notice, evidences a failure on the part of the Board to maintain records from which it was possible to ascertain Poorman's correct name and address. However, the record does not show whether Guiff attempted to otherwise ascertain Poorman's identity or address when given what we consider a clear indication from the list itself that the identity of an adverse party was in question.

In light of the previous discussion, we conclude that this matter must be remanded to the trial court so that evidence might be heard regarding the question of whether Guiff made a reasonable attempt to ascertain Poorman's identity when it became apparent that the list of adverse parties contained in the Board's file did not provide sufficient information for strict compliance with the notice provisions of IC 36–7–4–1005(a). However, because several remaining allegations of error have the potential to be dispositive of this appeal, we take this occasion to address them.

The Board contends that Guiff committed a fatal jurisdictional mistake in neglecting to serve Nix with notice of the instant action. Guiff concedes that Nix was not personally served with notice. However, Guiff contends that Nix appeared at the public hearing in his capacity as the general manager of Smith Field Airport, and thus that service of notice on the chairman of the Allen County Board of Zoning Appeals constituted notice to Nix.

Guiff premises his argument on the portion of IC 36–7–4–1005(a) which states, "service of the writ of certiorari by the sheriff on the chairman or secretary of the board of zoning appeals constitutes notice to the board, *to the municipality or county*, and to any municipal or county official or board charged with the enforcement of the zoning ordinance." Guiff contends that Smith Field Airport is a joint city-county authority in Fort Wayne, Indiana, and thus that Nix, in his capacity as a representative of the "municipality or county," received notice via service on the chairman of the Allen County Board of Zoning Appeals. We note two flaws in this argument.

First, the statute provides that service *of the writ of certiorari* on specified members of a board of zoning appeals constitutes service of notice on a municipality or county. The Board was never served with a writ of certiorari in this case. However, the Board does not take issue with this particular discrepancy and has waived the issue of whether it was properly served with notice in this matter. *See Indiana Civil Rights Commission v. Kidd & Company, Inc.* (1987), Ind., 505 N.E.2d 863, 865 (appearance without objection waives any want of notice). Thus, we conclude that the notice provided to the Board in this case sufficed as notice to "the municipality or county," and therefore necessarily as notice to municipality or county representatives.

Secondly, there is no evidence that Smith Field Airport is indeed a joint city-county authority. From the record, it appears that there was an unspoken agreement between the parties to this action and the trial court that Smith Field Airport is a joint city-county authority. However, we

cannot assume the same from a silent record. As a result, we conclude that this case must also be remanded to the trial court for the reception of evidence regarding whether Smith Field Airport is an agency of the municipality or county such as to bring it within the purview of IC 36–7–4–1005(a) regarding the service of notice upon such entities. If it is shown that Smith Field Airport is a joint city-county authority, then we consider that notice to the chairman of the zoning board sufficed as notice to Nix. Where a party appears and speaks at a public hearing in opposition to the petitioner for writ of certiorari, the petitioner must presume that the person is speaking in his capacity as a local property owner if no other explanation is given. However, when a person who appears and speaks at a public hearing in opposition to a petitioner for writ of certiorari identifies himself exclusively as an employee of a city or county agency, the petitioner is entitled to infer that the person is speaking in a representative capacity.

For its final specification of error regarding jurisdiction, the Board argues that Guiff made a fatal jurisdictional mistake in serving notice on Brewer rather than on his attorney of record. The Board takes the position that the case of *Butler Toyota, Inc. v. Metropolitan Board of Zoning Appeals, Division I* (1987), Ind., 504 N.E.2d 271, *requires* that notice be served on an attorney of record representing an adverse party. We disagree with the Board's interpretation of this case.

In *Butler Toyota,* our supreme court determined that judicial review of a zoning board decision is a continuation of an original proceeding, and therefore that service on a party's attorney of record is *proper* under Indiana Rules of Procedure, Trial Rule 5(B). Although the court quoted the language from T.R. 5(B) which states that service upon an attorney of record is required where a party is so represented, it stopped short of applying that language to IC 36–7–4–1005(a). This was with good reason. IC 36–7–4–1005(a) requires service upon the *adverse party.* To require service on the representing attorney would

place the provisions of IC 36–7–4–1005(a) in conflict with T.R. 5(B). Where the provisions of a purely statutory proceeding, such as an appeal from a zoning board decision, and the trial rules conflict, the provisions of the statute control. See *Solar Sources, Inc. v. Air Pollution Control Board* (1980), Ind.App., 409 N.E.2d 1136 (statute providing for appeal from an administrative agency ruling controls where in conflict with the rules of trial procedure). Therefore, we consider that *Butler Toyota* can only be read to harmonize IC 36–7–4–1005(a) with T.R. 5(B) by providing that service upon the attorney of record is sufficient to meet the notice requirements of IC 36–7–4–1005(a) while still allowing for service on the adverse party himself. Therefore, Guiff met the jurisdictional requirements of IC 36–7–4–1005(a) by having notice served on Brewer by the county sheriff.

For the foregoing reasons, we reverse the decision of the trial court.

HOFFMAN, P., concurs.

CHEZEM, P.J., concurs in result.