**CITY OF SALEM, BOARD OF ZONING APPEALS and Gary Johnson, et al., Appellants,**

v.

**Terry ALEXANDER and Cynthia L. Alexander, Appellees.**

**No. 88A05–0103–CV–105.**

Court of Appeals of Indiana.

Oct. 18, 2001.

---

Michael G. Naville, Lorch & Naville, LLC, New Albany, IN, Attorney for Appellant.

Sean M. Mead, Mead, Mead & Clark, P.C., Salem, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Gary Johnson and Rhonda Johnson appeal the trial court's order that removed them from the action filed by Terry and Cynthia Alexander for judicial review of the denial by the City of Salem, Board of Zoning Appeals, of the Alexanders' application for a special exception and approval of their plan to build a mobile home park.

We affirm.

### ISSUE

Whether the trial court erred in striking the Johnsons from the proceedings for judicial review initiated by the Alexanders.[1]

### FACTS

The Alexanders filed an application with the Salem Board of Zoning Appeals for a special exception to build a mobile home park. The Johnsons, as remonstrators, attended the hearings on the Alexanders' application, and Gary Johnson spoke in opposition. After a hearing on April 1, 1999, the Board denied the Alexanders' request for a special exception. On April 29, 1999, the Alexanders filed against the Board a petition seeking judicial review of that denial with the trial court. The Alexanders asserted that because their plan "met each and every one of the requirements of the special exception for mobile home parks as enumerated" in the applicable ordinance, the denial of their application was illegal. (App.75). The Johnsons were served notice of the Alexanders' action for judicial review pursuant to Indiana Code § 36–7–4–1005.

On May 17, 1999, counsel entered an appearance for the Johnsons. On June 8, 1999, the Alexanders filed a motion to strike the Johnsons because they had "not been properly joined as parties in the instant case." (App.94). The Johnsons filed no response to the motion. The trial court heard argument at a hearing on October 28, 1999.[2] The trial court granted the Alexanders' motion, ordering the Johnsons "removed from this action" on January 5, 2000. (App.7).

Subsequently, the trial court conducted a review hearing on the Alexanders' petition. It found that the local ordinance "enumerates the required elements to be entitled to a grant of a special exception for a mobile home park," and the Alexanders "met all the requirements for the grant of a special exception." (App.10). Accordingly, it held that the Board's decision "in denying petitioners a special exception for a mobile home park is illegal and it is hereby reversed." (App.11).[3]

---

1. Because this issue is dispositive, we do not reach the Johnsons' other contentions.

2. The Johnsons do not provide a transcript of this hearing in their Appendix.

3. The Board does not appeal from this order.

The Johnsons then filed a motion to correct error, asserting that the trial court had erred in denying them their "right to participate in the proceedings" and that the Board had properly denied the Alexanders' application. (App.132). After a hearing, the trial court denied the motion, and the Johnsons appeal that ruling.

## DECISION

The Johnsons contend that the trial court erred when it struck them from the proceedings for judicial review of the Board's decision "because the Johnsons were adverse parties as described in I.C. 36–7–4–1005 and as such were necessary and indispensable to the proceedings." [4] Johnsons' Brief at 10. Because they were "necessary and indispensable parties," the argument continues, the trial court's order upon proceedings conducted without their participation is void.[5] We cannot agree.

As cited by the Johnsons, *Minton v. State ex rel. Cohen,* 169 Ind.App. 584, 349 N.E.2d 741 (1976), and *Allen County Board of Zoning Appeals v. Guiff,* 552 N.E.2d 519 (Ind.Ct.App.1990), do hold that in order for a trial court to have jurisdiction over a petition seeking judicial review of zoning board decisions, the petitioner must have served notice to adverse parties. Indeed, the statute requires that "an adverse party"—a property owner whose "interests are opposed to the petitioner for the writ of certiorari and who appeared at the hearing before the board of zoning appeals"—be served with notice that the petitioner has filed a writ for judicial review in the trial court. *See* I.C. § 36–7–4–1005. However, it is undisputed that the Alexanders did serve notice to the Johnsons.

Further, the statute does not state that such an adverse party automatically becomes a party to the petition action for judicial review; nor does it obviate the requirement of filing a motion to intervene with the trial court. "Our trial rules provide only one method by which one not named a party to an action may become an active litigant." *Hepp v. Hammer,* 445 N.E.2d 579, 581 (Ind.Ct.App.1983). Trial Rule 24 sets forth the procedure by which one may intervene in a pending action. *Id.* The Johnsons filed no such motion. Had they done so, the law provides certain tests as to whether the motion should be granted to intervene "of right" or by "permissive intervention." *See* WILLIAM F. HARVEY, RULES OF PROCEDURE, 2 INDIANA PRACTICE §§ 24.2, 24.3 (1987). Here, no such consideration could be undertaken inasmuch as the Johnsons had filed no motion to intervene.

Because the Johnsons did not file a motion to intervene, the trial court did not err when it struck them from the proceedings initiated by the Alexanders.

We affirm.

MATHIAS, J., and VAIDIK, J., concur.

---

**4.** According to the Alexanders, the Johnsons did not argue this contention to the trial court, and the record provided by the Johnsons does not reveal any such argument.

**5.** The Johnsons do not explain why, if this were indeed a void order, they could then proceed to argue to this court that the Board had properly denied the special exception and that we should reverse the trial court's purportedly void order.