PORTER ET AL. *v.* METROPOLITAN BOARD OF
ZONING APPEALS ET AL.

[No. 769A122. Filed February 2, 1970.]

*Norman R. Newman,* of Indianapolis, for appellants.

*Richard P. Watson, Carvey, Watson & McNevin,* of Indianapolis, for appellees.

SHARP, J.—On September 24, 1968, The Metropolitan Board of Zoning Appeals of Marion County, Indiana, granted a variance to Appellees Connell, Watson and Kerr McGee. On October 23, 1968, the Appellants filed a Petition for Writ of Certiorari from said decision. On October 23, 1968, Appellants also filed a notice of filing a Petition for Writ of Certiorari to review the decision of The Metropolitan Board of Zoning Appeals, which reads as follows:

"Comes now petitioners in the above entitled action, by counsel, and the Petition for Writ of Certiorari having been duly presented on behalf of petitioner herein within thirty (30) days after the entry of the decision and order by the Metropolitan Board of Zoning Appeals of Marion County, dated September 24, 1968, in Cause No. 68-V3-35. Said decision of said Board affected the premises at 4715 North Shadeland Avenue the same being in Marion County, Indiana, which decision authorized the variance of use and rear yard requirements to provide for the erection of a restaurant specializing in carry-out food service and serving alcoholic beverages with off street parking and no identification sign.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court herein that the respondents and The Metropolitan Board of Zoning Appeals of Marion County, be, and it hereby is, ordered to show cause, on or before the 15th day of Nov., 1968, why Writ of Certiorari, directed to such Board to Review said decision of said Board, above described should not issue."

Also, on October 23, 1968, the trial judge entered an order to show cause as follows:

"Comes now the plaintiff and files their verified petition for Writ of Certiorari in the above captioned cause and presented the same to this Court on the 23rd day of October, 1968, which said petition is in the words and figures as follows, to-wit:

(H.I.)

The Court having examined said petition and being duly advised in the premises finds an immediate order should issue.

IT IS THEREFORE ORDERED AND DECREED by the Court that the defendants, The Metropolitan Board of Zoning Appeals, J. Val Connell, Richard P. Watson and Kerr McGee Oil Company, be, and they are hereby cited to be and appear in the Marion County Superior Court, Room 7, at 9:00 A.M. on the 15th day of November, 1968, then and there to show cause why a Writ of Certiorari should not issue as prayed for by the plaintiff."

On November 15, 1968, the Appellees filed their verified Motion to Dismiss, which states:

"Come now the defendants, and each of them, and for their motion to dismiss herein allege and say that:

1. The court is without jurisdiction of this cause for the reason that notice was not served upon the defendants and each of them and in particular Richard P. Watson, the petitioner herein, in accordance with Burns' Indiana Statutes Annotated Section 53-974 and Section 53-975 as amended.

2. Burns' Indiana Statutes Annotated Section 53-974 reads in part as follows:

... 'The petition shall be presented to the Court within thirty (30) days after the decision of the Metropolitan Board of Zoning Appeals ...'

Further, Section 53-975 provides in part as follows:

... 'On filing a petition for writ of certiorari with the Clerk of the Circuit or Superior Court of the County in which the premises affected are situated, the petitioner shall cause a notice to be issued and served by the sheriff of the County upon the adverse party or parties, if any, as shown by the record of the appeal in the office of the Board of Zoning Appeals ... The notice shall state that a petition for writ of certiorari had been filed with the Clerk of the Circuit or Superior Court of the County, as the case may be, asking for a review of the decision of the Board of Zoning Appeals, designating the premises affected and the date of the decision by the Board of Zoning Appeals ...'

3. This matter was determined by the Metropolitan Board of Zoning Appeals on September 24, 1968, and in accordance with said statute notice to acquire jurisdiction of this Court had to be served on the defendant, Richard P. Watson, on or before October 24, 1968, in accordance with said above referred to statute.

4. No notice of any kind or nature whatsoever was served within said thirty (30) day period in accordance with statute upon the said Richard P. Watson and in accordance with said statute, no notice to date has been served upon the said Richard P. Watson.

5. On November 6, 1968, a copy of the petition for writ of certiorari, a copy of the notice to the Court requesting a show cause order was served by copy service to the residence of the affiant, Richard P. Watson, some thirteen (13) days beyond the statutory requirements of notice, but no notice to date in accordance with the provisions of the statute has, as yet been served upon the herein defendants."

The trial court sustained Appellees' Motion to Dismiss.

The Appellees contend in their Motion to Dismiss and in their briefs and arguments before this court that the notice provided for in § 53-975 of Burns' Indiana Statutes Annotated must be actually served within the thirty (30) day period

provided for in Burns' Indiana Statutes Annotated, § 53-974, and that said notice was not formally sufficient. Our Supreme Court interpreted similar statutes in *Ballman* v. *Duffecy*, 230 Ind. 220, 228, 102 N. E. 2d 646, 649, (1952), and stated:

"Section 53-784, in providing for notice to the adverse parties, states that on filing a petition for a writ of certiorari with the clerk of the circuit or superior court, the petitioner *shall cause a notice to be issued* and served by the sheriff upon the adverse parties, and that the notice shall state that a petition for a writ of certiorari has been filed, asking for a review of the decision, and the time fixed for the return of the writ of certiorari by the board of zoning appeals.

From these statutes, and the procedure therein provided, it is apparent that more than the mere filing of a petition for a writ of certiorari to review a decision of the board of zoning appeals is required. It is necessary under the statute that the petition not only be filed with the clerk, but it must be presented to the court within the thirty days prescribed by the statute, so that the order fixing the date to show cause and the time fixed for the return of the writ can be entered and the notice issued. This procedure is jurisdictional and mandatory. *Lock Joint Tube Co.* v. *Citizens Trust & Sav. Bank* (1941), 218 Ind. 162, 31 N. E. 2d 989.

By reading the last three cited-sections of the statute together, the intent of the Legislature is clear. The sections are not conflicting. Appellants in the case at bar failed to present their petition to the court within the thirty days prescribed by the statute. The statutory procedure and requirements for the review of a decision of the board of zoning appeals were not complied with, and the court did not acquire jurisdiction of the parties and this particular case. This being a statutory proceeding, a strict compliance with the terms of the statute is required."

It should be emphasized that there is present in the record of this case precisely those elements which were absent in *Ballman* v. *Duffecy, supra,* namely, the filing of the Petition for Writ of Certiorari with the clerk, the presentment of such petition to the court, and order fixing the date to show cause and the time fixed for the return of the Writ and Notice, all

within thirty (30) days after the decision of the Board of Zoning Appeals. To require the actual service of the notice within thirty (30) days after the decision of the Board of Zoning Appeals would read into the statute something which is not present.

The Appellees rely heavily on the case of *Molton et al.* v. *Board of Zoning Appeals of City of Hammond et al.*, 136 Ind. App. 607, 190 N. E. 2d 199 (1964). In *Molton* the grounds for dismissal were that a necessary party was omitted and that the members of the board were not notified by the sheriff as provided by statute and therefore a total absence of service of the notice existed. The *Molton* case is in no sense authority for the proposition that actual service of the notice has to be accomplished within thirty (30) days after the decision of the Board of Zoning Appeals.

Appellees make a further contention that the notice, hereinabove set forth, did not meet the requirements of § 53-975 of Burns' Indiana Statutes Annotated, the pertinent part of which provides:

> "The notice shall state that a petition for a writ of certiorari has been filed with the Clerk of the circuit or superior court of the county, as the case may be, asking for a review of the decision of the board of zoning appeals, designating the premises affected and the date of the decision by the board of zoning appeals."

The notice hereinabove set out sufficiently complies with the above quoted section of Burns' Indiana Statutes Annotated, § 53-975, in order to invoke the jurisdiction of the court and to withstand the Motion to Dismiss for want of jurisdiction. See *Tepe* v. *Greubel,* 143 Ind. App. 7, 237 N. E. 2d 265 (1968).

The proper function and limitation of a motion to dismiss has been well stated by our Supreme Court in *State ex rel. Calumet National Bank of Hammond* v. *McCord, etc. et al.,* 243 Ind. 626, 189 N. E. 2d 583 (1963). See also *Wright* v. *Kinnard,* 144 Ind. App. 286, 245 N. E. 2d 835 (1969) ; and

*Buskirk* v. *Board of Zoning Appeals of the City of Warsaw,* 145 Ind. App. 31, 248 N. E. 2d 386 (1969).

The record in this case with reference to the filing of the Petition for Writ of Certiorari, the presentment of the same to the trial court, the order to show cause and the contents of the notice were sufficient to withstand a motion to dismiss for want of jurisdiction.

The decision of the trial court in sustaining the Appellees' Motion to Dismiss is erroneous and the dismissal must be reversed.

*Reversed.* Costs v. Appellees.

Hoffman, P.J., Pfaff and White, JJ., concur.

NOTE.—Reported in 254 N. E. 2d 882.