Max FAVOURITE, et al., Appellants (Petitioners Below),

v.

COUNTY OF STEUBEN BOARD OF ZONING APPEALS; Lake County Enterprises, Inc.; Berkley Roberts in his capacity as President of Lake Country Enterprises, Inc.; and Don Neuenschwander, Appellees (Respondents Below).

No. 76A03–8705–CV–128.

Court of Appeals of Indiana, Third District.

Nov. 23, 1987.

Rehearing Denied Jan. 11, 1988.

George Martin, David K. Hawk, Burt, Blee, Hawk & Sutton, Fort Wayne, for appellants.

Randy Coffey, Angola, for appellees Steuben County Bd. of Zoning Appeals.

Richard Leckner, Angola, for Lake Country Enterprises, Inc.

HOFFMAN, Judge.

Max Favourite et al. (Favourite) appeal from the Steuben Circuit Court's order dismissing their petition for a writ of certiorari. This appeal arises from the following set of events: On September 2, 1986, Lake Country Enterprises, Inc. and Don Neuenschwander applied to the Steuben County Board of Zoning Appeals for a special exception to the Steuben County Master Plan which would allow expansion of an amusement park located in an area zoned residential. After a hearing where public comment was heard and petitions presented both in favor of and against the granting of a special exception, the Steuben County Board of Zoning Appeals granted the special exception on October 6, 1986. On November 5, 1986, Favourite filed with the trial court a petition for a writ of certiorari pursuant to IND. CODE § 36–7–4–1003 (1982). The trial court on the same date issued, pursuant to IND. CODE § 36–7–4–1006 (1982), a Rule to Show Cause to the Board of Zoning Appeals to show cause why a writ of certiorari should not issue.

After the Board of Zoning Appeals filed an answer and a motion to dismiss, the trial court held an evidentiary hearing on the matter. The trial court then handed down its judgment dismissing the petition for a writ of certiorari due to lack of timely notice served on adverse parties as is required by IND. CODE § 36–7–4–1005(a) (1982).

Favourite bases his appeal from that judgment on two allegations of error, as restated:

(1) The trial court incorrectly applied the notice requirements of IND.CODE § 36–7–4–1005(a) to this case; and

(2) The trial court erred in refusing to allow Favourite's expert witness to testify.

In dismissing the petition for a writ of certiorari, the trial court found that Favourite failed to timely request to have notice served by the Sheriff of Steuben County or by other lawful service on Chuck Sheets, Bill Byrne and Carter Snider, all three of whom spoke in favor of the special exception at the Board of Zoning Appeals hearing. The court then dismissed the petition for a lack of jurisdiction under IND. CODE § 36–7–4–1005(a), which reads:

"Remedies and enforcement; writ of certiorari; filing of petition; notice to adverse parties; contents

Sec. 1005. (a) On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the appeal in the office of the board of zoning appeals. An adverse party is any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner. If the record shows a written remonstrance or other document opposing the request of the petitioner and containing more than three (3) names, the petitioner shall have notice served on the three (3) property owners whose names appear first on the remonstrance or document. Notice to the other persons named is not required. The notice must state:

   (1) that a petition for a writ of certiorari, asking for a review of the decision of the board of zoning appeals, has been filed in the court;

   (2) the premises affected; and

   (3) the date of the decision.

The service of the writ of certiorari by the sheriff on the chairman or secretary of the board of zoning appeals constitutes notice to the board, to the municipality or county, and to any municipal or county official or board charged with the enforcement of the zoning ordinance. No further summons or notice regarding the filing of the petition is necessary."

Favourite argues here that the trial court, in dismissing his petition because of failure to timely serve Sheets, Byrne and Snider, adopted an overly strict interpretation of IND. CODE § 36–7–4–1005(a). Favourite cites recent Indiana Supreme Court precedent, *see, Butler Toyota v. Metro. Bd. of Zoning Appeals* (1987), Ind., 504 N.E.2d 271, for the proposition that zoning jurisdiction statutes should not be strictly construed. Favourite thus contends that only property owners with a "substantive legal interest" need be served with notice and

that the timely service on members of the Board of Zoning Appeals and Lake Country Enterprises amounts to "substantial compliance" with IND. CODE § 36–7–4–1005(a).

■ The statute, however, clearly states that each "adverse party" shall be served notice and defines an adverse party as "any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner." IND. CODE § 36–7–4–1005(a). This Court has previously determined that the language employed in IND.CODE § 36–7–4–1005(a) is unambiguous and that the legislative intent is clear. *Minton et al. v. State ex rel. Cohen et al.* (1976), 169 Ind.App. 584, 587, 349 N.E.2d 741, 743. Nowhere in the Supreme Court's opinion in *Butler Toyota, supra*, where the court held that service upon the counsel of record was proper in a petition for a writ of certiorari to review an order of a Zoning Board, does the court overrule the fundamental rule of statutory construction: courts are bound to give effect to the plain and unambiguous meaning of language employed in statutes. *Dept. of Pub. Wel. v. St. Joseph's Med. Ct.* (1983), Ind.App., 455 N.E.2d 981, 983. Sheets, Byrne and Snider were shown to be property owners who testified before the Board in opposition to Favourite; IND.CODE § 36–7–4–1005(a) therefore requires them to be served notice.

■ Favourite's second argument regarding the trial court's alleged improper application of IND. CODE § 36–7–4–1005(a) is unsupported. There is neither relevant case law nor statutory language to support Favourite's claim that IND. CODE § 36–7–4–1005(a) only applies when an application for a variance or special exception is turned down by the Board of Zoning Appeals. The statute clearly governs petitions for writ of certiorari for the review of any Board of Zoning Appeals decision, including the granting of a special exception.

■ Favourite contends that the trial court erred in finding that Sheets, Byrne and Snider were property owners under

IND. CODE § 36–7–4–1005(a), because the three never produced any documents to demonstrate ownership of property. However, Sheets, Byrne and Snider all offered unrebutted testimony that they owned property in the area of the amusement park, and it is well settled that a trial court's decision will not be questioned here if it is supported by evidence of probative value. *See, Walters v. Dean* (1986), Ind. App., 497 N.E.2d 247, 254.

Favourite's second allegation of error is based on the trial court's refusal to allow Robert F. Hudson, a real estate salesman and land broker, to testify regarding the impact that the granting of the special exception would have on the value of the property owned by Sheets, Byrne and Snider. The trial court found that Hudson's proposed testimony was not relevant. The standard for determining the relevancy of evidence is whether the evidence in question has a logical tendency to prove a material fact. *Kennedy v. St. Joseph Memorial Hosp.* (1985), Ind.App., 482 N.E.2d 268, 275. In light of the fact that IND. CODE § 36–7–4–1005(a) has no requirement of a certain amount of impact by the special exception on the value of property owned by an "adverse party," the trial court did not abuse that discretion in barring Hudson's testimony on the basis of relevancy.

There being no finding of error, the trial court's decision dismissing the petition is affirmed.

Affirmed.

RATLIFF, C.J., and GARRARD, P.J., concur.