Carol RHOADS, Greg Binder, Individually and on Behalf of All Others Similarly Situated, Appellants, (Petitioners Below),

v.

CARMEL BOARD OF ZONING APPEALS, consisting of: Gilbert Kett—Chairman, Ila Badger, Jeff Davis, Tom Irvin, and Harold J. Thompson, James J. Nelson, Frederick Kellams, Gary Carpenter, Richard Rimbush, Daniel Murphy, and Michael J. Browning, Appellees, (Defendants Below).[1]

No. 29A02–8905–CV–00206.

Court of Appeals of Indiana, Second District.

Nov. 19, 1990.

1. A more appropriate caption might read: "In the Matter of a Decision of the Carmel Board of Zoning Appeals Granting Lynnwood Farm Associates, Ltd., a Variance from Developmental Standards."

Ted B. Lewis and C. Duane O'Neal, Lewis Kappes Fuller & Eads, Indianapolis, for appellants.

William E. Wendling, Jr. and John D. Proffitt, Campbell Kyle Proffitt, Carmel, for all defendants except the Carmel Bd. of Zoning Appeals.

Gordon D. Byers, Cook & Byers, Noblesville, for Carmel Bd. of Zoning Appeals.

SHIELDS, Presiding Judge.

Carol Rhoads and Greg Binder (Rhoads) appeal the dismissal of their petition for a writ of certiorari (Petition) directed to the decision of the Carmel Board of Zoning Appeals (Board) granting Lynnwood Farm Associates, Ltd., (Lynnwood) a variance from developmental standards.

We reverse and remand for further proceedings.

## ISSUES

I. Whether the trial court erred in dismissing Rhoads's Petition on the grounds:

    A. The Petition was not properly verified.

    B. Rhoads failed to give notice to property owners who spoke in opposition to Lynnwood's application for a variance at the Board hearing.

    C. Lynnwood is not a party-defendant to the Petition.

II. Whether the trial court erred in denying Rhoads leave to file an amended petition.

## FACTS

Lynnwood is an Indiana limited partnership; Michael G. Browning is a general partner. Lynnwood was granted a variance of developmental standards by the Carmel Board of Zoning Appeals on October 24, 1988. Rhoads filed the Petition on November 21, 1988. Appellees filed a motion to dismiss the Petition which the trial court granted. Rhoads appeals.

## DISCUSSION

### I.

Appellees sought dismissal of Rhoads's Petition on the grounds the Petition was not verified as required by statute, that Rhoads failed to serve notice of the proceedings upon property owners who spoke in opposition to the application for a variance at the Board hearing, and that Lynnwood is not a party-defendant to the Peti-

tion.[2]  On appeal, Rhoads claims none of these contentions are grounds for dismissal; Appellees claim they are.

## A.

■ Rhoads argues the Petition was properly verified; Appellees argue it was not because the Petition does not contain the averment that it was made under penalties of perjury.

The Petition does not contain the averment that it was made upon the penalties of perjury but, nevertheless, it has a verification sufficient to satisfy the requirement in IC 36–7–4–1003(a) (1988) that "[e]ach person aggrieved by a decision of the board of zoning appeals may present ... a verified petition." The affiants swore to the truthfulness and correctness of the facts and matters set forth in the Petition while under an oath administered by a notary public.  To "swear" is "to declare on oath the truth."  *Black's Law Dictionary* 1298 (5th ed. 1979).  An "oath" is "[a]n affirmation of truth of a statement, which renders one willfully asserting untrue statements punishable for perjury."  *Id.* at 966.

The provision in Ind.Trial Rule 11(B) that a verification is sufficient if the subscriber affirms the truth of the matter to be verified "under the penalties for perjury" is but one method of verification.  Any other form of verification is sufficient if it serves the essential purpose of requiring a verification, subjecting the affiant to the penalties for perjury.  *See Austin v. Sanders* (1986), Ind., 492 N.E.2d 8.  The statement in the instant verification that the affiants, "being first duly sworn upon their oath, state that" is an assertion of the truth of the statements under penalties for perjury. The Petition was properly verified.

## B.

■ Rhoads argues it is unnecessary to serve notice of the proceedings upon other property owners who joined Rhoads in pro-

testing the application for a variance at the Board hearing.  Appellees assert those property owners are adverse parties and, as such, notice upon them is required by the provision in IC 36–7–4–1005(a) (1988) which reads: "the petitioner shall have a notice served ... on each adverse party.... An adverse party is any property owner [who appeared] at the hearing before the board in opposition to the *petitioner*."  IC 36–7–4–1005(a) (emphasis added).

Appellees would have us construe the term "petitioner" to refer to the applicant for the variance.  Therefore, according to the Appellees, because two property owners who spoke in opposition to Lynnwood's request for a developmental standards variance were not served with notice, the trial court properly dismissed the Petition.

In relevant part, IC 36–7–4–1005(a) reads:

> On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the appeal in the office of the board of zoning appeals.  An adverse party is any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner.  If the record shows a written remonstrance or other document opposing the request of the petitioner and containing more than three (3) names, the petitioner shall have notice served on the three (3) property owners whose names appear first on the remonstrance or document.  Notice to the other persons named is not required.

The term "petitioner" as used in the first sentence of the statute unequivocally refers to the petitioner for the writ of certiorari inasmuch as only the petitioner for the writ, the party initiating the review proceedings, has any obligation to have notice served upon other parties, referred to in

---

**2.** Appellees presented two other grounds for dismissing the Petition to the trial court.  However, on appeal they concede the Board chairman need not be designated as such in the title of a petition, *see* IC 36–7–4–1005 (1988); and

that Lynnwood, the owner-applicant, was properly served with notice.  *See Butler Toyota v. Metro. Board of Zoning Appeals* (1987), Ind., 504 N.E.2d 271.

the sentence as "adverse." However, the term "petitioner" as used elsewhere in subsection (a) refers only to the applicant for a variance before the Board. This reference is readily apparent from the remaining statutory provisions. For example, in the second sentence ("An adverse party is any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner.") the term "petitioner" must describe the variance applicant because only an applicant would have property owners appearing in opposition to the variance at the Board hearing. Furthermore, the third sentence ("If the record shows a written remonstrance or other document opposing the request of the petitioner and containing more than three (3) names ... the petitioner shall have notice served on the three (3) property owners whose names appear first on the remonstrance....") identifies those property owners who have signed a written remonstrance or other document who must be served with notice and directs the petitioner to have the notice served. Inasmuch as the variance applicant is the only entity making a "request" before the Board and objectors-remonstrators oppose that request, and the petitioner must have notice served upon those opponents, the term "petitioner" refers only to the applicant for the variance.

Thus, the General Assembly inadvertently enacted this statute as if only unsuccessful variance applicants would seek review. Hence the statute only addresses who shall receive notice if the petitioner for a writ is an unsuccessful variance applicant; it is silent who shall receive notice if the petitioner for the writ is an unsuccessful objector-remonstrator because of the manner in which "adverse party" is defined. However, due process mandated by both the United States and Indiana Constitutions require notice to any entity whose interest is adverse to the petitioner for the writ of certiorari. Thus, if the writ petitioner is an objector-remonstrator, due process would require notice to the variance applicant and any landowner of the affected real estate. We do not perceive any other entity who is

entitled to due process notice. Specifically, we hold due process does not require notice of the petition for writ of certiorari to any property owner who spoke or remonstrated *against* the successful variance applicant. The interest of another objector-remonstrator is not adverse to the interest of the petitioner for the writ of certiorari and, therefore, the failure to give another objector-remonstrator notice is not fatal.

The trial court erred in so far as it dismissed Rhoads's Petition on the ground other property owners who joined Rhoads in protesting the application for a variance at the Board hearing were entitled to notice.

## C.

■ Rhoads argues Lynnwood is a party-defendant to the Petition; Appellees argue Lynnwood, a necessary and indispensable party, is not a party and, therefore, the trial court properly granted the motion to dismiss.

Appellees argue a dismissal is appropriate because Rhoads "failed to set forth substantively who [Lynnwood was] in the body of their complaint." Appellees' Brief at 17.

The first paragraph of Rhoads's Petition reads:

Lynnwood Farm Associates, Ltd. ("Lynnwood"), of which co-Defendant, Michael G. Browning ("Browning"), on information and belief, is a general partner, owns the "real estate" described in Exhibit "A" attached hereto and incorporated herein consisting of 98.4 acres more or less located on the North side of East 131st Street and east of Gray Road, which was the subject of action and determination by co-defendant, Carmel Board of Zoning Appeals ("Carmel BZA").

Record at 2. This paragraph identifies and "makes" Lynnwood a party to the Petition. According to the statutory scheme for judicial review of a zoning board's decision set

forth in IC 36–7–4–1003 (1988)[3] the only averment that could be made "against" Lynnwood is to identify it as the owner-applicant of the affected real estate. Lynnwood is a party; therefore, the trial court erred to the extent it dismissed the Petition on the grounds the Petition failed to name Lynnwood as a party to the proceeding.[4]

## II.

Rhoads argues the trial court erred in denying them leave to file an amended petition to specifically name Lynnwood as a party defendant in the title to the Petition. This argument is now moot because we have previously held Lynnwood is a party defendant to the proceedings in the trial court.

## DECISION

Rhoads's Petition was properly verified. It was unnecessary for Rhoads to give notice of the Petition to those property owners who spoke against the action taken by the Board. Lynnwood is a party to the Petition.

Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

SULLIVAN and HOFFMAN, JJ., concur.

---

3. In pertinent part IC 36–7–4–1003(a) (1990 Supp.) reads:
   Each person aggrieved by a decision of the board of zoning appeals or the legislative body may present, to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality.

4. Appellees agree Rhoads's failure to include Lynnwood in the title of the Petition's caption is not fatal. "The Appellees, without reservation, agree with the Appellants that Indiana courts have consistently recognized that the caption on pleadings is not controlling, but rather it is the content." Appellees' Brief at 17.