BOARD OF ZONING APPEALS,
Bloomington, Indiana, Ap-
pellant–Respondent,

v.

Terry ELKINS, Appellee–Petitioner.

No. 53A01–9508–CV–263.

Court of Appeals of Indiana.

Jan. 5, 1996.

Rehearing Denied March 15, 1996.

Linda Runkle, Susan G. Montgomery,
Bloomington, for appellant.

Thomas A. Berry, Thomas A. Berry &
Associates, Bloomington, for appellee.

## OPINION

ROBERTSON, Judge.

The Board of Zoning Appeals of Bloomington, Indiana [BZA] appeals the trial court's decision on writ of certiorari review to reinstate a building permit which the BZA had revoked with respect to a parcel of property owned by Terry Elkins. The BZA raises three issues on appeal, which we restate and consolidate into two, neither of which constitutes reversible error.

## FACTS

The operative facts are not disputed. Terry Elkins owned a parcel of real estate comprised of the southern ends (approximately ½) of two lots, Lots 50 and 51, in a longstanding housing division within the City of Bloomington. The parcel of land straddling the two lots had existed for many years. A house had been built on Elkins' portion of Lot 50 but Elkins' portion of Lot 51 had never been developed. By deed, Elkins divided his portion of Lot 50 from Lot 51 in order to build a house on Lot 51. On May 18, 1994, Elkins applied for, and was granted, a building permit to construct a home on Lot 51.

On May 31, 1994, the owner of a parcel of property adjoining Lot 51 filed an appeal alleging that the BZA's administrative decision to issue the building permit was illegal based on various violations of the zoning ordinance. The property owner's primary concern was that he did not wish for a home to be built on Lot 51 because it would be close to his home. After an investigation, the Code Enforcement Manager issued a "stop work" order. Elkins remedied all the problems that had caused him to be in noncompliance with the zoning ordinance. The BZA permitted Elkins to resume construction of the new home.

The citizen prosecuted his appeal of the decision to grant the building permit. On June 16, 1994, the BZA held a hearing on the appeal. At this hearing the City Planning Director advised the BZA that Lot 51 was not a "lot of record" and was therefore could not be developed. Due to insufficient time, the hearing was continued to July 14, 1995.

At that meeting, the BZA found that Elkins had satisfied all the original problems raised. Nevertheless, the BZA determined that the building permit had been erroneously issued because "based on the deeds presented, site was not a lot of record ..." The BZA ordered Elkins to quit construction and return the property to its original condition.

On August 12, 1994, Elkins filed the present petition for writ of certiorari review alleging, among other concerns, that the denial of the permit on the basis that the site was not a "lot of record" was a mere pretext for revoking his building permit. The petition was served to the office of the City of Bloomington Planning Department and left with an employee. On September 1, 1994, the BZA filed a motion alleging that service of process had not been properly perfected and that, therefore, the trial court lacked jurisdiction of the case. On September 16 and 19, Elkins had the chairperson and the secretary of the BZA served with alias summonses.

On October 28, 1994, Elkins filed a motion requesting the Court to order the BZA to enter findings of fact upon which the appeal could be reviewed. The trial court granted the motion and ultimately, the BZA entered the following finding:

> It is the finding of the Board that the permit was not properly issued, because based on the deeds presented the lot is not a single lot of record.

On May 30, 1995, the trial court entered the present order appealed from, finding that the findings submitted by the BZA were inadequate to conduct a proper review and that the BZA's decision to revoke Elkins' building permit was arbitrary, capricious, and contrary to law.

The home on Elkins' portion of Lot 51 has been completed and occupied. The BZA asserts that the trial court erred in reversing its decision and should have remanded the case yet again to give it another chance to make findings. The BZA requests that its decision be reinstated so that it can order Elkins to dismantle the home and return the lot to its original condition.

Additional facts are supplied as necessary.

## DECISION

### I.

■ The BZA asserts that the trial court should have dismissed Elkins' petition due to his failure to provide service as required by statute. The BZA argues that Elkins was required to have the sheriff serve the chairman or secretary of the BZA within thirty days of the BZA's decision and the failure to do so was fatal to the trial court's assumption of jurisdiction in the case.

■ Indiana Code 36–7–4–1003(b) requires that a petition for writ of certiorari review be filed with the court with thirty (30) days after the entry of the BZA decision to be challenged. Indiana Code 36–7–4–1005(a) reads:

> On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the case in the office of the board of zoning appeals. The service of the notice by the sheriff on the chairman or secretary of the board of zoning appeals constitutes notice of the filing of the petition to the board of zoning appeals, to the municipality or county, and to any municipal or county official or board charged with the enforcement of the zoning ordinance. No other summons or notice is necessary when filing a petition.

*Porter v. Metropolitan Board of Zoning Appeals* (1970), 146 Ind.App. 272, 254 N.E.2d 882, controls. In *Porter,* we held that, although the statutory scheme required that the petition be filed within thirty days, it did not require that actual service be perfected within that period. *Id.,* 254 N.E.2d at 884–885. We agree with *Porter.* We do not read any requirement in the statute set out above that service must be provided within the thirty day period.

Elkins complied with the statutory requirements to perfect his petition for writ of certiorari review. Therefore, the trial court's assumption of jurisdiction was appropriate and we find no error.

### II.

■■ The trial court in conducting a writ of certiorari review of a decision by the BZA must determine if that decision was incorrect as a matter of law. *Metropolitan Board of Zoning Appeals v. Gunn* (1985), Ind.App., 477 N.E.2d 289, 294. The trial court may not conduct a trial de novo and may not substitute its decision for that of the board absent such illegality. *Id.* Generally, if there is sufficient evidence to support the board's decision (which is otherwise legal), it must be upheld. *Id.* On appeal, this court is restricted by the same considerations. *Id.*

The BZA asserts that the basis of its decision may be discerned from the record despite any perceived inadequacy in its findings. We have conducted a thorough review of the record and have discerned that the BZA's decision was based on the rationale that, although a home had been built on Elkins' portion of Lot 50, the parcel of property had originally straddled both Lots 50 and 51 and when the two lots were separated by deed, Lot 51 was no longer a "lot of record" that could be developed.

■ In the present case, the subdivision had been platted and on the books for decades. There is absolutely no question that Lot 51 was platted in the subdivision for development and that, other than the "lot of record" issue which arose late in the game, Elkins had satisfied all zoning requirements. Thus, from a review of the record and the briefs submitted on appeal, we can discern no reasonably sound evidentiary basis or a cogent legal basis upon which Elkins' building permit could have been denied or revoked. Should such a cogent basis exist, the BZA has waived its right to have that basis reviewed by its failure to take advantage of its opportunities to provide such a basis either to the trial court below or to this court on appeal. *See generally, Cundiff v. Schmitt Development Company* (1995), Ind.App., 649 N.E.2d 1063, 1070.

We agree with the trial court that the BZA's determination that Lot 51 was somehow not a "lot of record" is contrary to law and that the revocation of Elkins' building

permit was arbitrary and capricious. Therefore, we affirm.

Judgment affirmed.

KIRSCH and BARTEAU, JJ., concur.