Kevin ENRIGHT, Nick Paikos, Christie Spear–Paikos, Steven P. Hanes, Joy E. Shaw, Ronald Schwomeyer, Marilla Schwomeyer, and Protect Our Woods, Appellants–Petitioners,

v.

BOARD OF ZONING APPEALS OF MONROE COUNTY, Appellee– Respondent.

No. 53A04–9503–CV–114.

Court of Appeals of Indiana.

Feb. 27, 1996.

Rehearing Denied April 29, 1996.

---

J. William Baus, Bloomington, for Appellants.

David B. Schilling, Bloomington, for Appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Petitioners–Appellants, Kevin, Enright, Nick Paikos, Cristie Spear–Paikos, Steven Hanes, Joy Shaw, Ronald Schwomeyer, Marilla Schwomeyer, & Protect Our Woods (collectively, "Petitioners") appeal the trial court's denial of their Motion to Correct Errors. We affirm.

### Issue

Petitioners raise four issues on appeal, with the following issue being dispositive: whether Petitioners provided adequate notice to adverse parties with regard to their Writ of Certiorari.

### Facts and Procedural History

Brown County Broadcasters, Inc. ("BCB") submitted its application for a special exception to construct and operate a 330 foot transmitter/tower for an FM radio station. The site on which the tower was to be constructed is approximately 4.78 acres in area. The proposed tower site is located in a clearing that is approximately 2000 feet from State Road 45, in a remote area of Monroe County with few residents. The nearest resident is approximately one-quarter mile from the site.

Because a tower owned by Hoosier Energy is located within 200 yards of the proposed tower site, electricity would be supplied to the proposed tower through an underground cable from the Hoosier Energy tower. There are tentative plans for a generator at the site in the event of a loss of power from the Hoosier Energy line. There was a hearing on BCB's application and several persons testified in favor of and against the proposal. The motion to approve BCB's application for a special exception was unanimously approved by the Board of Zoning Appeals ("BZA").

Petitioners thereafter filed their Verified Petition for Writ of Certiorari and Judicial Review, alleging that the BZA's decision was illegal for six reasons. The BZA then moved the trial court to dismiss Petitioner's petition for three reasons: (1) failure to notify adverse parties as required by I.C. 36–7–4–1005(a), (2) failure to demonstrate aggrieved person status as required by I.C. 36–7–4–1003(a), and (3) failure to specify or preserve allegations of illegality as required by I.C. 36–7–4–1003(a). The trial court granted the BZA's motion to dismiss on all three issues raised by the BZA. Petitioners then filed their Motion to Correct Errors, which was denied. They appeal that denial.

### Discussion and Decision

We must determine whether Petitioners provided adequate notice to adverse parties with regard to their Writ of Certiorari. This issue is dispositive because, to the extent Petitioners failed to give adequate notice, the trial court was without jurisdiction over all matters pertaining to Petitioner's Writ of Certiorari. Review of decisions of boards of zoning appeal is achieved by an aggrieved party's petition for writ of certiorari to the circuit or superior court in the county in which the affected property is located. I.C. 36–7–4–1003(a). The trial court does not gain jurisdiction over an individual petition, however, until the petitioner serves notice of the petition to all adverse parties as required by I.C. 36–7–4–1005. "An adverse party is any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner." I.C. 36–7–4–1005(a).

There has been much confusion in our Third District as to what is meant by an "adverse party" under the statute. The Third District initially held that failure to serve an adverse party is fatal to the petitioner's action. *Favourite v. Steuben County Bd. of Zoning Appeals*, 515 N.E.2d 560 (Ind. Ct.App.1987), *reh. denied, trans. denied.* The facts in *Favourite* are very similar to the facts before us today: petitioners for writ of certiorari were remonstrators below and failed to serve two property owners who testified in favor of the special exception. The Third District held that their failure to do so meant the trial court was without jurisdiction and the grant of the motion to dismiss petitioners-remonstrator's writ of certiorari was upheld.

In the next case, *Rhoads v. Carmel Bd. of Zoning Appeals*, 562 N.E.2d 752, 754–755 (Ind.Ct.App.1990), the Second District analyzed the language of I.C. 36–7–4–1005(a) at issue here as follows:

The term "petitioner" as used in the first sentence of the statute unequivocally refers to the petitioner for the writ of certiorari inasmuch as only the petitioner for the writ, the party initiating the review proceedings, has any obligation to have notice served upon other parties, referred to in the sentence as "adverse." However, the term "petitioner" as used elsewhere in subsection (a) refers only to the applicant for a variance before the Board ... For example, in the second sentence ... the term "petitioner" must describe the variance applicant because only an applicant would have property owners appearing in opposition to the variance at the Board hearing. . . .

Thus, the General Assembly inadvertently enacted this statute as if only unsuccessful variance applicants would seek review. Hence the statute only addresses who shall receive notice if the petitioner for a writ is an unsuccessful variance applicant; it is silent [on] who shall receive notice if the petitioner for the writ is an unsuccessful objector-remonstrator because of the manner in which "adverse party" is defined. However, due process mandated by both the United States and Indiana Constitutions require notice to any entity whose interest is adverse to the petitioner for the writ of certiorari. Thus, if the writ petitioner is an objector-remonstrator, due process would require notice to the variance applicant and any landowner of the affected real estate. We do not perceive any other entity who is entitled to due process notice.

Then, in a third case without reference to *Favourite*, the Third District interpreted this language to mean that only landowners of the actual real estate in question are entitled to notice when the petitioner for writ of certiorari is the remonstrator below. *Williams–Woodland Park Neighborhood Ass'n. v. Board of Zoning Appeals of Fort Wayne*, 638 N.E.2d 1295, 1297 (Ind.Ct.App. 1994). We disagree. The issue in *Rhoads*, the second case, was whether it was necessary for a petitioner for writ of certiorari to give notice to parties who sided with the petitioner at the hearing below. Rhoads was a remonstrator and he was joined in testimony by others at the hearing on a petition for variance. The petitioners for variance prevailed and Rhoads filed a petition for writ of certiorari. The trial court then dismissed Rhoads' petition, in part, because he failed to serve certain parties who testified against

the variance. The Second District held that because those parties' interests were the same as Rhoads' interest, i.e., they all opposed the variance petition, their interests were not adverse. Hence, they were not "adverse parties" under the statute and were not required to be served with notice.

The facts differed greatly in *Williams–Woodland Park.* In that case, as in the case before us today and as in *Favourite,* the petitioners for writ of certiorari were remonstrators who failed in their opposition to the variance or special exception. The issue was whether they were required to serve notice to property owners who testified in favor of the variance or special exception. Thus, we disagree with the Third District's reliance in *Williams–Woodland Park* on the holding in *Rhoads* because the facts in *Williams–Woodland Park* more closely resemble the facts in *Favourite.* Likewise, we look to the court's holding in *Favourite* for guidance in relation to the facts before us today.

Additionally, the statute has since been amended to include a more detailed definition of "adverse party." However, the new version of the statute did not come into effect until January 1, 1996, well after Petitioners' Writ of Certiorari. Nonetheless, the legislature clarified the issue somewhat in its revision of the law. I.C. 36–7–4–1005(b) states in pertinent part:

> An adverse party under this section is any property owner whose interests are opposed to the petitioner for the writ of certiorari and who appeared at the hearing before the board of zoning appeals either in person or by a written remonstrance or other document that is part of the hearing record.

Keeping in mind precedent based upon similar facts, the issue is whether Petitioners failed to serve notice to persons upon whom it should have served notice. The record indicates that Brenda Damasco–Staples ("Staples"), James Moore ("Moore"), and Al Parker appeared and spoke before the BZA in favor of BCB's application for special exception. Staples identified herself to the BZA as a Smithville resident. Moore appeared in his capacity as Pastor of the Little Union Baptist Church and as someone who resided within three miles of the proposed tower site.

The general rule is that "[w]here a party appears and speaks at a public hearing in opposition to the petitioner for writ of certiorari, the petitioner must presume that the person is speaking in his capacity as a local property owner if no other explanation is given." *Allen County, Indiana Bd. of Zoning Appeals v. Guiff,* 552 N.E.2d 519, 525 (Ind.Ct.App.1990). Thus, there is a presumption that persons who speak at BZA hearings are local property owners, and may be adverse parties, depending upon whether they spoke for or against any given proposal. This presumption can be overcome by evidence in the record suggesting they are not local property owners. No evidence in the record suggests that either Staples or Moore were not local property owners. Additionally, Moore, in his capacity as pastor of the church, should have been personally served or, alternatively, the church which he represented should have been served. Neither was accomplished by Petitioners. Speaking at the hearing entitled Staples to independent notice. Notice to her husband does not serve as adequate notice to Staples. Accordingly, the trial court lacked jurisdiction in this matter.

Affirmed.

RILEY and DARDEN, JJ., concur.