George C. BAGNALL and Ann
H. Bagnall, Appellants–
Plaintiffs,

v.

TOWN OF BEVERLY SHORES, Indiana; the Board of Zoning Appeals of the Town of Beverly Shores, Indiana; and Mary Fulghum, Phillip Dickerman, Michael Pavel, Patrick Wagner, and George Stefanek, in Their Capacity as Members of the Board of Zoning Appeals of the Town of Beverly Shores, Indiana, Appellees–Defendants,

and

Michael Pavel and Deborah Pavel, Appellees–Intervenors.

No. 64A05–9704–CV–138.

Court of Appeals of Indiana.

Jan. 29, 1999.

Jeffrey F. Gunning, Pinkerton & Friedman, P.C., Munster, for Appellees.

Terry Hiestand, Chesterton, for Appellees–Intervenors.

## OPINION

MATTINGLY, Judge.

George C. Bagnall and Ann H. Bagnall (Bagnalls) appeal the dismissal of their three petitions for writs of certiorari. The petitions were directed to the decision of the Town of Beverly Shores Board of Zoning Appeals (Board) granting Michael Pavel variances from certain zoning ordinances. The Bagnalls raise five issues for our review, which we consolidate and restate as follows:

(1) whether the trial court erred in dismissing the petitions, and

(2) whether the trial court erred in assessing attorney's fees against the Bagnalls.

We reverse and remand.

## FACTS AND PROCEEDINGS

At all times relevant to this appeal Michael and Deborah Pavel (the Pavels) were owners of Lots 6 and 11 located on Lakefront Drive in the Town of Beverly Shores.[1] The Bagnalls are owners of Lot 7 which is situated three lots and 150 feet away from the Pavels' Lot 11. At some time prior to May 2, 1996, Michael Pavel submitted two petitions to the Board concerning Lot 6: one seeking a variance from an ordinance so that the Pavels could construct an addition to the home located on the lot and the other seeking a variance from an ordinance regarding well location and setback requirements. At some time prior to June 6, 1996, Michael Pavel[2] submitted a third petition to the Board, this time concerning Lot 11. That petition

George C. Bagnall, Beverly Shores, pro se.

1. There is some confusion in the record as to whether the Pavels actually owned Lot 11 at the time of the variance request discussed in this opinion. At the time of the request to the Board, of which Michael Pavel is a member, Michael Pavel did not participate in the Board's vote, indicating that he had "a financial interest" in the property. R. at 343. Sometime after the variance was granted, the property was conveyed to the Pavels by Casimiera Krisan. Id. at 472. In their brief to this court, the Pavels assert that the current owner of the lot is Diane Hale. Brief of the Appellees/Intervenors at 5. The issue of whether the Pavels were record owners of the property at the time they requested the variance does not affect our resolution of this case. The record is clear they were owners of record by the time the variance was granted. Whether the Pavels had standing to request the variance in the first place has not been raised as an issue on appeal.

2. The Lot 11 petition was apparently submitted in the names of "Michael Pavel/Diane Hale." R. at 216.

sought a variance from the ordinance governing setback requirements.

A series of public hearings was held at which persons spoke in favor of and in opposition to the Pavel variance petitions. On May 2, 1996, the Board granted Michael Pavel's petition to construct an addition to the Pavels' home located on Lot 6 (variance number 1); on June 6, 1996, the Board granted his petition for a variance regarding setback requirements on Lot 11 (variance number 2); and on August 1, 1996, Michael Pavel's petition regarding a well location on Lot 6 was granted (variance number 3).

Following the Board's decision granting each variance, the Bagnalls filed with the trial court a timely petition for writ of certiorari. Named in each petition was the Town of Beverly Shores, the Board, and the Board members in their official capacities. Although Michael Pavel was named as a party defendant in his capacity as a member of the Board, Deborah Pavel was not named. The accompanying notices which the Bagnalls filed set forth the same parties named in the petitions. In response, the Board filed a motion to dismiss each of the petitions. As to the petitions concerning variance numbers 1 and 3, the Board asserted the Bagnalls failed to satisfy the jurisdictional requirements of statutory notice to adverse parties.[3] As to the petition concerning variance number 2, the Board asserted the Bagnalls lacked standing and requested attorney's fees. In the interim the Pavels filed a motion to intervene, which was granted. The Pavels also filed a motion to dismiss each of the Bagnalls' petitions on the grounds the petitions did not designate the Pavels as party defendants. In apparent response to the Board's statutory notice assertions, the Bagnalls thereafter filed additional notices. These additional notices named Thomas Oberle, Arlene Beglin and William Kollada, but did not name Deborah Pavel. After conducting a hearing, the trial court entered judgment granting the motions to dismiss and also awarding the Board attorney's fees. The Bagnalls now appeal.

3. The record shows that the adverse parties included property owners Thomas Oberle, Arlene

## DECISION AND DISCUSSION

### 1. Dismissal of Petitions

Each decision of a board of zoning appeals is subject to review by certiorari. Ind.Code § 36–7–4–1003. Each person aggrieved by a decision of a board of zoning appeals may present to the circuit or superior court in the county in which the premises are located a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality. *Id.* The petition must be presented to the court within 30 days of the board's decision. *Id.* The court does not gain jurisdiction over such a petition, however, until the petitioner serves notice upon all adverse parties as required in Indiana Code Section 36–7–4–1005. *Enright v. Board of Zoning Appeals of Monroe County,* 661 N.E.2d 886, 888 (Ind. Ct.App.1996). The trial court dismissed the Bagnalls' action for want of jurisdiction on the ground that the Bagnalls failed to provide notice to the adverse parties. We believe the trial court was incorrect in dismissing the petitions for writ of certiorari.

### a. The Notices Were Timely

The Bagnalls presented their petitions 1 and 3 to the court within 30 days of the Board's decision but did not have notices served on the adverse parties until well after thirty days had passed from the date of the Board's decision and motions to dismiss had been filed by the Board. The Board and the Pavels assert that the Bagnalls thus failed to satisfy the statutory requirement of notice to adverse parties.

While a petition seeking review of a zoning board decision must be presented to the court within 30 days of the decision, we find that there is no requirement in Indiana Code Section 36–7–4–1005(a) that service of notice to adverse parties be perfected within thirty days. As a result, the trial court erred by granting the motions to dismiss.

Beglin and William Kollada.

Indiana Code Section 36–7–4–1005(a) provides:

On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the case in the office of the board of zoning appeals. The service of the notice by the sheriff on the chairman or secretary of the board of zoning appeals constitutes notice of the filing of the petition to the board of zoning appeals, to the municipality or county, and to any municipal or county official or board charged with the enforcement of the zoning ordinance. No other summons or notice is necessary when filing a petition.

The most recent Indiana case addressing the issue of when service must be perfected under this statute was *Board of Zoning Appeals v. Elkins,* 659 N.E.2d 681 (Ind.Ct.App. 1996), *trans. denied.* Elkins timely filed his petition for writ of certiorari within thirty days of the adverse ruling, but did not serve the Bloomington Board of Zoning Appeals (BZA) until after the BZA filed a motion to dismiss. The BZA alleged that Elkins was required to have the sheriff serve the chairman or secretary of the BZA within thirty days of the BZA's decision.

In ruling that Elkins complied with the statutory requirements to perfect his petition for writ of certiorari review, we decided that:

*Porter v. Metropolitan Board of Zoning Appeals* (1970), 146 Ind.App. 272, 254 N.E.2d 882, controls. In *Porter,* we held that, although the statutory scheme required that the petition be filed within thirty days, it did not require that actual service be perfected within that period. *Id.,* 254 N.E.2d at 884–885. We agree with *Porter.* We do not read any requirement in the statute set out above that service must be provided within the thirty day period.

*Id.* at 683.[4]

The Bagnalls did not serve the adverse parties with notice within thirty days after

the filing of the writs of certiorari for petitions 1 and 3. Only after motions to dismiss were filed were the parties served with notice. As in *Elkins,* however, proper notices were served on the adverse parties prior to any hearing on the writs of certiorari. Indiana Code Section 36–7–4–1005(a) does not plainly require that notices must be served within any particular time frame, and we will not hold the Bagnalls to a standard which does not exist.

We hold that Indiana Code Section 36–7–4–1005(a) does not require that notices be served within thirty days of the filing of a petition for writ of certiorari. If the proper notices are actually served on the adverse parties in a timely enough manner so that no prejudice results, the language of the statute is satisfied. Thus, the trial court erred in sustaining the Board's motions to dismiss as to Bagnalls' petitions 1 and 3 to the extent that its decision was based on the Bagnalls' failure to provide timely notice.

*b. Service on Adverse Parties*

The trial court also determined that the Bagnalls' petitions fail because service was not perfected on all of the adverse parties, specifically Deborah Pavel.

■ Indiana Code Section 36–7–4–1005(b) defines an adverse party as "any property owner whose interests are opposed to the petitioner for the writ of certiorari *and* who appeared at the hearing before the board of zoning appeals either in person or by a written remonstrance or other document that is part of the hearing record." (Emphasis supplied.) There is no question that service on Michael Pavel was not service on Deborah Pavel. *See Enright,* 661 N.E.2d at 889 (holding that notice to the spouse of an adverse party was not sufficient as notice to the adverse party under Section 1005). The question is whether, under Indiana Code Section 36–7–4–1005(b), Deborah Pavel was an "adverse party" and thus was required to be served with notice.

■ Initially, it should be noted that Indiana Code Section 36–7–4–1005(b) does

4. The relevant statutory language addressed by the *Elkins* court is the same as the statutory

language in this case.

not specify that a landowner affected by a variance application is necessarily an "adverse party." The Pavels argue that *Rhoads v. Carmel Bd. of Zoning Appeals*, 562 N.E.2d 752 (Ind.Ct.App.1990), supports their contention that Deborah Pavel is an "adverse party." We believe the *Rhoads* decision is inapplicable, as *Rhoads* interpreted the 1981 version of Indiana Code Section 36–7–4–1005, which was effective until January 1, 1996. Since all of the Bagnalls' petitions were filed after May of 1996, the amended version of that code section governs this case. In *Rhoads*, we noted that the General Assembly had apparently contemplated that only unsuccessful variance applicants would seek review of zoning board decisions; thus, the statute was silent as to who was to receive notice when, as in the Bagnall case, the petitioner for certiorari is an unsuccessful remonstrator. 562 N.E.2d at 755. So, in *Rhoads*, we used a due process analysis to find that, despite the silence of that statute, notice would be required to be served on "any entity whose interest is adverse to the petitioner for the writ of certiorari." *Id.* We concluded that if the writ petitioner is a remonstrator, due process would require notice to the variance applicant and any landowner of the affected real estate. That definition would include Deborah Pavel.

However, the statute has been rewritten so that it is no longer limited in its scope to situations where the variance applicant is the writ petitioner. Section 1005 now limits the definition of "adverse party" to any property owner whose interest is opposed to the petitioner for the writ of certiorari *and* who appears at the hearing before the board of zoning appeals in person or by a proper written document that is part of the hearing record.

We note that the Pavels' brief misrepresents Section 1005 as containing only the first half of the statutory definition of "adverse party." Thus, the Pavels assert, the statute would "obviously include the owners of the property for which the variance was sought," Brief of the Appellees/Intervenors at 7. The Pavels' bald assertion that Deborah must "obviously" be an adverse party falls well short of the cogent argument supported by legal authority which our rules require. *See* Ind. Appellate Rule 8.3(A)(7), 8.3(B).

■ We further note that counsel for the Pavels has not favored us with any citations to the record, either in the Statement of Facts[5] or the Argument section of the Appellees' brief, which indicate whether or how Deborah satisfied the second part of Section 1005. We remind counsel that we are unwilling to sift through a record to locate information so as to state a litigant's case for him. *Nehi Beverage Co., Inc. v. Petri*, 537 N.E.2d 78, 81 (Ind.Ct.App.1989). Nevertheless, our own review of the record does not indicate whether Deborah Pavel was present in person at any of the meetings, if she appeared by a written remonstrance or if she appeared through any "other document that is part of the hearing record." Indiana Code § 36–7–4–1005(b). As a result, we are unable to determine whether Deborah Pavel fulfills the second requirement of the statute and thus was an adverse party who was entitled to notice.

Because the briefs of counsel and the record do not allow us to determine whether Deborah Pavel was within the statutory definition of "adverse party" and entitled to notice, we are unable to decide whether the trial court erred in dismissing the Bagnalls' petitions based on lack of notice to her. For

---

5. Counsel's Statement of Facts is also rife with argument, which is inappropriate in that part of an appellate brief. A Statement of Facts should be a concise narrative of the facts stated in a light most favorable to the judgment, and should not be argumentative. *Nehi Beverage Co., Inc. v. Petri*, 537 N.E.2d 78, 82 (Ind.Ct.App.1989). The Statement of Facts the Pavels' counsel offers us is, by contrast, transparently argumentative, and it appears to be only incidentally intended to be a vehicle for informing this court. For example, counsel offers as "facts" such conclusions and argumentative statements as "Remonstrators attempted to use the process of appealing the specific variances ... as a platform as (sic) their continuing broadsides against the Town," Brief of the Appellees/Intervenors at 4, and "Apparently unable to understand [the distinction between different types of variances] Remonstrators have continued to evidence their dissatisfaction." *Id.* at 3. Despite this violation of our rules, we choose to address the arguments raised in the Pavels' brief in the hope of advancing the resolution of this long-standing dispute.

that reason, we must remand for a determination whether Deborah Pavel "appeared at the hearing before the board of zoning appeals either in person or by a written remonstrance or other document that is part of the hearing record." Ind.Code § 36–7–4–1005(b).[6]

### 2. Attorney's Fees

The Bagnalls next contend the trial court erred in granting the Board attorney's fees. The Board was awarded fees under provisions of Indiana Code Section 34–1–32–1, which provided that: "In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party: (1) Brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless. . . ." [7]

■ The Board first asserts it is entitled to attorney's fees because, with regard to the petition challenging variance number 2, the Bagnalls lacked standing as they were not aggrieved by the Board action. As the Board correctly points out, absent status as an aggrieved party a party lacks standing to obtain judicial review of a zoning board's decision. *Union Township Residents Ass'n, Inc. v. Whitley County Redev. Comm'n,* 536 N.E.2d 1044, 1045 (Ind.Ct.App.1989).

As used in Indiana Code Section 36–7–4–1003(a):

> The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation. To be "aggrieved" is to have a legal right, the infringement of which by the decree complained of will cause pecuniary injury. The appellant must have a legal interest which will be enlarged or diminished by the result of the appeal. In order for a party to be entitled to appeal from a final action, it must appear that it has a substantial interest in the subject matter of the litigation and that it is prejudiced or

aggrieved from the action from which it seeks to appeal.

*Id.*

The Board's argument is premised on the fact that the Pavels' lot 11 is three lots removed from the Bagnalls' property, a distance of 150 feet. According to the Board, the effect of this spatial separation is that the Bagnalls own no property and have no legal interest affected by the Board's decision. Thus, the argument continues, by filing a writ petition when they had no standing to do so the Bagnalls filed a claim that was groundless, frivolous, and in bad faith.

The Bagnalls contend that they are "surrounding" property owners and therefore have standing to pursue their claims. *See Williams–Woodland Park v. Board of Zoning,* 638 N.E.2d 1295, 1299 (Ind.Ct.App.1994) (adjoining or surrounding landowners may be persons aggrieved within the meaning of Indiana Code Section 36–7–4–1003(a)). The Board apparently construes the word "surround" in its most literal sense: "to be situated or found around, about, or in a ring around. . . ." *Webster's Third New International Dictionary* 2302 (1976). However, none of the cases the Board cites implies such a restrictive reading.

■ Instead, the critical inquiry is whether the Bagnalls are "aggrieved"—that is, whether the Bagnalls own property or have a legal interest affected by the Board's decision. *See Union Township,* 536 N.E.2d at 1045. We believe the Bagnalls are aggrieved parties within the meaning of the statute. The use to which the Pavels' lot is put may well have a direct effect upon the value of the Bagnalls' property in the immediate vicinity even if the Pavels' lot is not enclosed or encircled by the Bagnall property. As a result, the Bagnalls had standing to pursue their claims. The trial court erred in assessing attorney's fees against them. On this issue the trial court is reversed.

---

6. With respect to variance number 2, a determination should also be made whether Diane Hale was an "adverse party" entitled to notice. As indicated previously, the petition for variance number 2 was apparently submitted in the names of Michael Pavel/Diane Hale.

7. This statute was repealed in 1998; the current version is codified at Indiana Code Section 34–52–1–1.

Finally, the Board and the Pavels seek appellate attorney's fees pursuant to Indiana Code Section 34–1–32–1 contending, among other things, that the Bagnalls' appeal is frivolous. We disagree. The Bagnalls' arguments on appeal are not "utterly devoid of all plausibility." *Orr v. Turco Mfg. Co., Inc.,* 512 N.E.2d 151, 153 (Ind.1987). Therefore, the Board and the Pavels are not entitled to an award of appellate attorney's fees.

Reversed and remanded for further proceedings consistent with this opinion.

STATON, J., concurs.

RUCKER, J., dissents with opinion.

RUCKER, Judge, dissenting.

The trial court properly dismissed the Bagnalls' writ petitions. I disagree with the majority's contrary view. Concerning petitions 1 and 3 the majority finds dispositive the case of *Board of Zoning Appeals v. Elkins,* 659 N.E.2d 681 (Ind.Ct.App.1996), *trans. denied.* I cannot agree because *Elkins* stands for the proposition that notice need not be *perfected* within thirty days. In fact our supreme court opinion upon which *Elkins* relies specifically holds "[t]o require the actual *service* of notice within thirty (30) days after the decision of the Board of Zoning Appeals would read into the statute something which is not present." *Porter v. Metropolitan Board of Zoning Appeals,* 146 Ind.App. 272, 277, 254 N.E.2d 882, 884–85 (1970) (emphasis added). The case before us has nothing to do with when notice is perfected or served. Hence *Elkins* provides little guidance. Rather this case involves the question of when must notice be filed. The distinction is subtle but important because: (a) the notice requirement is jurisdictional, and (b) as a result only by a party's strict compliance with the notice requirement does the trial court acquire jurisdiction over the parties or the case. *Shipshewana Convenience Corp. v. Board of Zoning Appeals of LaGrange County,* 656 N.E.2d 812, 813 (Ind. 1995).

Here, the relevant statute provides in pertinent part "on filing" of a writ petition, the petitioner "shall have a notice served by the sheriff...." Ind.Code § 36–7–4–1005. I agree with the trial court that a plain reading of the statute requires that notice must be filed contemporaneously with the filing of the writ petition. The sheriff may then serve notice upon the necessary parties. If notice is thereafter actually served or perfected outside of the thirty (30) day time limit, then as *Elkins* and *Porter* dictate, there is no jurisdictional defect because the statutory requirement would have been met. In this case it is clear that the Bagnalls did not file their notices at the time their petitions for writ of certiorari were filed. As a result they failed to comply strictly with the statutory mandate. Accordingly the trial court did not acquire jurisdiction over the parties or this case and properly dismissed the Bagnalls' petitions. I therefore dissent and would affirm the judgment of the trial court on this point.